Sorby, Appellant, *v.* Three Rivers Motors.

Argued November 8, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Louis Vaira,* with him *Albert G. Brown,* for appellant.

*Irwin M. Ringold,* for appellee.

OPINION BY ROSS, J., May 25, 1955:

In this workmen's compensation case the claimant has appealed from the dismissal of her petition to modify an award for partial disability.

On March 24, 1944 claimant suffered an injury to her lower back in an accident in the course of her employment as a mechanic's helper in defendant's shop. Total disability payments were made from December 21, 1944 to January 3, 1945 and from August 23, 1945 to July 2, 1947, payments having been suspended from January 4, 1945 to July 2, 1945 because she worked without any loss of earnings. On July 14, 1947 the employer filed a termination petition and by stipulation and agreement the claimant was paid 50 per cent. partial disability thereafter until May 8, 1951, the end of the 300-week maximum.

On June 6, 1951 claimant began the instant proceeding by a petition for modification from 50 per cent. partial to total disability. The referee dismissed this petition and the Workmen's Compensation Board, because of the conflict in medical testimony, remanded the record for the appointment of an impartial ortho-

pedic specialist. Testimony of this impartial specialist was taken; the petition was again dismissed by the referee, who was sustained by both the Board and the County Court of Allegheny County, and this appeal followed.

A review of the record indicates that the claimant suffered an injury to the small of her back when a large sign which she was painting slipped from its props and fell upon her. She was treated by a Dr. Wagner for the injury and in 1950 he operated upon her for a herniated disc but found none. Claimant testified that she has had difficulty since the operation doing her housework, especially the ironing, difficulty in walking, pain in her back while standing and trouble getting in and out of bed. Three doctors testified in this matter. They are in substantial agreement concerning the symptoms and the actual physical extent of the injury. They differ, however, in their medical opinions of the ability of the claimant to participate in gainful employment. They are agreed that the claimant suffers a marked stiffness of her back with the limitations in the forward, right and left lateral bending motions, ranging from 10 to 50 per cent. of normal, that there is some rotational curvature of the lower spine and some changes of bone structure. They did not agree on the benefits which might be derived from further treatment or surgery.

Dr. Browdie, who testified on behalf of the claimant, concluded that ". . . she still has residual clinical evidences of low back disability, which are permanent. She is disabled, in fact, for gainful employment, and will remain so." Dr. Ewing, who testified on behalf of the employer, concluded that although there is a considerable degree of disability, "I think she should be able to do light work, and I would place the disability generally at about 50% below normal. I think

she is not able at all, and should not be doing heavy work; I think she is able to perform lighter forms of work"; that "she is able to do various forms of general light work", including office work or "bench work" in a shop. Dr. Russbridge, the impartial orthopedic specialist, concluded that she has a "grossly disabled back for any type of gainful employment" but he was of the further opinion, however, that while she was 100 per cent. disabled for service station or repair shop work (the kind of work she was doing when injured), ". . . I think she could probably do a sedentary type of work, and I would say probably 50% disability in that respect." He explained later that she could do clerical work, assembly line bench work and similar jobs, but none that entailed lifting, walking or jolting.

The claimant's petition for modification was based upon an allegation that she was totally disabled. The extent of her disability was a factual question for the compensation authorities and the crucial finding of fact made by the referee and affirmed by the Board is: "The claimant was still partially disabled on May 8, 1951, in the opinion of your referee, which disability remains unchanged at the last hearing in this matter." The claimant seeking a modification of the prior award had the burden of showing that her disability became total (*Hendricks v. Patterson*, 164 Pa. Superior Ct. 584, 67 A. 2d 652), and the compensation authorities, affirmed by the court below, found that she did not meet her burden. Since the record does not disclose a capricious disregard of competent testimony, we cannot hold otherwise.

The claimant contends that the employer "has produced no evidence to show that any light jobs are in fact within the reach of claimant" and that the burden of producing such evidence was upon the employer.

In support of her contention she relies upon *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A. 2d 104, where, at page 13, the Supreme Court stated: "Where the injured person can handle only a specially-created job, one light of effort and responsibility but laden with rest and comfort (employment plums that do not often dangle from the tree of everyday economics) the burden is on the defendant-employer to show that such a job is in fact within reach. If proof of that fact is not presented, the claimant then is entitled to a finding of total disability." The difficulty with claimant's argument is that there is nothing in her case to compel the conclusion that she "can handle only a specially-created job, one light of effort and responsibility but laden with rest and comfort". The following cases, cited in the *Unora* case, illustrate the distinction between it and the case at bar: *Naughton v. Kettl,* 154 Pa. Superior Ct. 318, 35 A. 2d 527, (claimant so incapacitated by injury that unable to walk without crutches) ; *Cox v. Woodlands Cemetery Co.,* 133 Pa. Superior Ct. 313, 2 A. 2d 565, (claimant's evidence disclosed him to be a "nondescript, incapable of doing even light work of a general nature", able to do only "odd jobs not usually obtainable") ; *Maishock v. State Workmen's Ins. Fund,* 129 Pa. Superior Ct. 118, 195 A. 143, (claimant "not qualified to pursue any service except manual labor, and . . . unfit to do light work of a general character") ; *Jones v. Hazle Brook Coal Co.,* 119 Pa. Superior Ct. 409, 179 A. 783, (claimant a " 'nondescript' in the labor market, unfitted to do even light work of a general character") ; *Consona v. R. E. Coulborn & Co.,* 104 Pa. Superior Ct. 170, 158 A. 300, (claimant could at "irregular intervals, do some light work, but of a very limited character . . ."; his "incapacity is such that it would not be practicable to expect that he could hold a job.")

The governing principle is well and succinctly stated by this Court in *Earley v. Philadelphia & Reading Coal & Iron Co.*, 144 Pa. Superior Ct. 301, 19 A. 2d 615. We stated at page 305: "A review of our decisions will show that we have consistently adhered to the line of demarcation between the two classes of cases. The first includes persons who have sustained accidental injuries, but are capable of steadily performing certain types of light work. *It is presumed that such work is available, and that one can procure it.* In those circumstances a claimant is entitled to compensation for partial disability. The second class embraces those who are not able uninterruptedly to do even light work owing to their physical limitations due to accidental injuries. If suitable work is available for such a person it is incumbent upon the defendant to show that fact, otherwise a claimant is entitled to total disability . . ." (Italics supplied.)

In this case the compensation authorities might have accepted the testimony of claimant and of her medical witness and placed her in that class of persons "not able uninterruptedly to do even light work". They chose, however, to accept the testimony indicating that she was "capable of steadily performing certain types of light work". There was substantial, competent evidence to support either view and we cannot disturb the choice of the workmen's compensation authorities, the triers of the facts.

Claimant also contends that she is entitled to a rehearing because Dr. Wagner, who was employed by the employer to treat her, was not called to testify by the employer. She bases this contention upon our rule of evidence that where a party fails to produce evidence which is within his control and which would naturally be to his interest to produce, without any satisfactory explanation for such omission, the fact

finder may infer that the evidence would have been unfavorable to him. Her theory is that the Board should have, but did not, draw such inference. With this we cannot agree. The inference is merely permissive, not conclusive (*Hall v. Vanderpool*, 156 Pa. 152, 26 A. 1069) and also there is nothing to indicate that the compensation authorities did *not* infer that Dr. Wagner's testimony, if produced, would have been unfavorable to the employer. Furthermore, it would seem that the doctor was within the control of the claimant, for it was between her and Dr. Wagner that the doctor-patient relationship existed. *Ferne v. Chadderton*, 363 Pa. 191, 69 A. 2d 104. At the very least, the evidence was equally accessible to both parties. *Moseley v. Reading Co.*, 295 Pa. 342, 145 A. 293.

When the Board remanded the record to the referee for the taking of impartial medical testimony it specifically stated that claimant would have an opportunity to subpoena Dr. Wagner if she so desired. She did not choose to call him and hence she is not now entitled to have a rehearing to do what she was previously given ample opportunity to do.

Order affirmed.