See also 211 F.Supp. 520.

**Joseph E. FEDOR**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, United States of America.**

Civ. A. No. 27194.

United States District Court

E. D. Pennsylvania.

June 14, 1963.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

JOSEPH S. LORD, III, District Judge.

This plaintiff seeks review of the final decision of the Secretary of Health, Education and Welfare denying his application for the establishment of a disability freeze under § 216(i) of the Social Security Act, 42 U.S.C.A. 416(i), and for monthly disability benefits under § 223 of the Act, 42 U.S.C.A. 423. Both plaintiff and defendant have moved for summary judgment.

The plaintiff will be 63 years old in October, 1963. He has a 4th grade education and at least since 1924 has done no work other than mining. He has, admittedly, an advanced stage of anthracosilicosis. There is some dispute as to the extent to which this constitutes a physical impairment, and there is also some dispute as to the presence and disabling effect of arthritis and coronary insufficiency. It is conceded by the government that plaintiff could at best do light work and is unable to work as a coal miner.

So far as we can discern, the evidence of record suggests no specific light job which the plaintiff could do although defendant's brief suggests possible jobs. There is no description whatsoever of what these jobs are or what they entail so far as physical labor and effort are concerned. Nor is there any showing that any of these jobs are open to the plaintiff with his limited education and physical impairment.

This case has even less in the record to support the determination of the Secretary than in HODGSON v. CELEBREZZE, 312 F.2d 260 (C.A. 3, 1963), where at least there was a suggestion *in the record* that the plaintiff might obtain substantial gainful employment as an elevator operator.

The rule of this circuit is the rule of realism. It is not enough to suggest that a man might sell candy in a candy store or operate an elevator or become a watchman or perform any one of the almost infinite number of light jobs that can be conjured up. There must be a realistic showing not only that the plaintiff could do these jobs but also that there existed a reasonable opportunity for the plaintiff to engage in substantial gainful employment. Such a showing is totally lacking from this record and hence the findings of the hearing examiner, affirmed by the Appeals Council, and embodied in the final decision of the Secretary are without foundation in the record. The decision is reversed and judgment is entered for the plaintiff.