Petrone, Appellant, *v.* Moffat Coal Company.

Argued March 23, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Joseph E. Gallagher*, with him *Ralph G. Mastriani*, and *O'Malley, Morgan, Bour & Gallagher*, for appellant.

*Charles J. Bufalino, Jr.*, Special Assistant Attorney General, with him *Clyde M. Hughes, Jr.*, Assistant At-

torney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY WATKINS, J., September 15, 1966:

This is an appeal under the Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §1518, from a decision of the Court of Common Pleas of Lackawanna County affirming the decision of the Workmen's Compensation Board denying benefits.

The claimant, Joseph P. Petrone, 49 years of age, was a laborer and miner in the anthracite industry for 33 years. There was a conflict of medical testimony concerning total disability. The Referee found that the claimant was totally disabled and awarded benefits. The Board reversed and found as a fact that the claimant could continuously perform light work of a general nature and so did not sustain his required burden of proof of total disability.

As the court aptly stated: "The pertinent evidence on the point concerns the testimony of three physicians, Dr. Victor T. Mallory for the claimant, Dr. Edward T. Swartz for the Commonwealth, and Dr. Milton J. Goldstein, an impartial medical witness appointed by the Referee. Dr. Mallory testified that the claimant was totally disabled and could not perform light work of a general nature. Dr. Swartz agreed that claimant suffered from anthracosilicosis, Stage II, but testified that claimant was not totally disabled and could perform light work of a general nature such as operating an elevator or a power lawn mower. The impartial medical expert, Dr. Milton J. Goldstein, stated as his opinion that the claimant was not totally disabled and could perform light work of a general nature including 'many jobs inside of the mines' although he would not advise that."

The Board is the ultimate fact finder. The credibility of witnesses and the weight of their testimony

is for the Board. This is also true of medical witnesses. *Iezzi v. Creamer Construction Company,* 200 Pa. Superior Ct. 265, 189 A. 2d 314 (1963); *Webster v. Grove City College,* 198 Pa. Superior Ct. 475, 181 A. 2d 924 (1962).

A person is totally disabled when, because of physical infirmities due to the occupational disease he is unable uninterruptedly and steadily to do even light work. *Jones v. Phila. & Rdg. C. & I. Co.,* 154 Pa. Superior Ct. 513, 36 A. 2d 172 (1944). "Where the injured person can handle only a specially-created job, one light of effort and responsibility but laden with rest and comfort . . ." *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 13, 104 A. 2d 104 (1954). If the claimant falls in this category the burden is on the employer to show that such a job is available. Failing this, the claimant is entitled to benefits for total disability.

An employee who can perform light work of a general nature but cannot do so steadily and uninterruptedly, who has been disabled by occupational disease is also entitled to compensation for total disability. *Cohen v. Doubleday & Co., Inc.,* 191 Pa. Superior Ct. 106, 155 A. 2d 378 (1959). However, where, as in the instant case, a claimant suffering from occupational disease is able to perform light work of a general nature, as distinguished from work of a specialized nature, continuously and steadily, it is presumed that such work is available and the claimant is not totally disabled within the meaning of the Act. *Hurtuk v. H. C. Frick Coke Co.,* 157 Pa. Superior Ct. 317, 43 A. 2d 559 (1945).

The Board found the claimant fell within the latter class and refused benefits on the ground that he was not totally disabled. Here, the decision of the Board is against the claimant who had the burden of proof and the question on review is whether the findings of fact are consistent with each other and with the conclusions of law, and can be sustained without a capri-

cious disregard of the competent evidence. The instant situation comes within that rule. The Board did not disregard the opinion of the claimant's physician but refused to accept it, which is fatal to the proof of his claim. *Obzut v. Phila. & Reading C. & I. Co.*, 199 Pa. Superior Ct. 289, 184 A. 2d 381 (1962).

Decision affirmed.