Kirk, Appellant, v. L. Bauer, Jr., Inc.

Argued December 13, 1966. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*Herbert H. Hadra,* with him *Maurice Friedman* and *Robert H. Arronson,* for appellant.

*Frederick W. Anton, III,* with him *Paul H. Ferguson* and *Earl Thomas Britt,* for appellees.

OPINION BY HOFFMAN, J., March 23, 1967:

On September 11, 1963, claimant James Kirk fell from atop a twelve-foot ladder while performing electrical construction work for defendant, L. Bauer, Jr.,

Inc. He sustained a compression fracture of the third lumbar vertebra, requiring more than six weeks' hospitalization.

Shortly thereafter, the insurance carrier and claimant entered into an agreement for total disability benefits. In accordance with its terms, Kirk received weekly payments of $47.50 until August of 1964. The employer then petitioned the Workmen's Compensation Board for modification of the agreement. The Board granted the petition and substantially reduced Kirk's award, finding that he was entitled to partial disability benefits only. The court below affirmed the Board's order and the claimant now appeals.

We hold that the Board's conclusion that claimant is only "partially disabled" is not supported by competent evidence and is erroneous as a matter of law. The judgment must therefore be reversed.

I

Both parties agree that, in this action, the employer bears the burden of proof that claimant's disability is no longer total. *Lackman v. F. W. Woolworth Company*, 205 Pa. Superior Ct. 129, 208 A. 2d 33 (1965). To meet that burden, the employer offered the testimony of only one witness, Dr. William A. Tomasco, medical director of the clinic of the Pennsylvania Manufacturers' Association. Dr. Tomasco described claimant's injuries in some detail, concluding: "My evaluation was, because of some of the limitation of forward flexion and lateral flexion, and the presence of the healed compressed fracture, that he was not totally disabled, that he had a partial disability at that time." The witness estimated this disability at 40%.

The employer cannot rest on that testimony alone, however, for, as Mr. Justice MUSMANNO has observed, "A physician studying, on an anatomical chart, the

malady of his patient . . . may well conclude that the subject is only partially disabled. That same doctor could, however, come to a different conclusion if he saw the patient in the depths of a coal mine laden with heavy equipment. . . ." *Unora v. Glen Alden Coal Company*, 377 Pa. 7, 12-13, 104 A. 2d 104 (1954).

"[T]he determination of total disability is one which requires a consideration and weighing (in addition to the anatomical facts) of such factors as the claimant's mental outlook, his industrial background, his education, the occupation, if any, he could perform where his particular physical impairment would not be a total bar, and whether such work exists." Id. at 13. There is no such analysis in the record before us.

Dr. Tomasco did attempt, at one point, to place claimant's physical impairment in the required psychological and occupational context. He offered the following observation: "I felt that [Kirk] could do the job of an electrician. He would have difficulty with heavy lifting and repetitive lifting but he was perfectly capable of climbing up a ladder and performing the job of an electrician—with the limitations that I specified—except if he had to be up on a ladder or in a cramped position, or having to hold onto any heavy object—but the ordinary electrical work of that nature I believe he was able to do."

This testimony is so muddled as to be of no probative value whatever. In fact, to the extent that it is not self-contradictory, the doctor's characterization suggests that Kirk is *wholly* unfit to perform an electrician's duties. His physical impairment requires that he do (a) no heavy lifting, (b) no repetitive lifting, (c) no work on ladders, (d) no work in a cramped position, and (e) no holding of heavy objects. Nevertheless, he is said to be only "40% disabled."

The Board should be realistic in these cases. The man is 57 years old. He has a grade school education.

For the past thirty years, he has worked only as a construction electrician. He testified that his work involves pulling cables and carrying weights. At the time of his injury, for example, he was atop a high ladder, manipulating heavy equipment. Furthermore, it should be apparent that an electrician ordinarily works at fixtures on a ceiling or the lower part of a wall. He must stand on a ladder, stretch, and bend for long periods of time.

In light of this claimant's educational background and job experience, his injury could easily be characterized as totally disabling, for purposes of an award under the Workmen's Compensation Act. At the very least, it is clear that defendant has not met its burden in proving the contrary. Although our review in these cases is of narrow scope, *Long v. Marino Masse, Inc.,* 205 Pa. Superior Ct. 344, 208 A. 2d 920 (1965), we are bound to reject the Board's finding of "partial disability," as unsupported by competent evidence on the record.

## II

The Board's decision is erroneous for at least one other reason. The employer has failed to show, on this record, that light work is available which the claimant can perform in spite of his disability.

The law is clear that where the injured person "can handle only a specially-created job, one light of effort and responsibility but laden with rest and comfort . . . the burden is on the [employer] to show that such a job is in fact within reach." *Unora v. Glen Alden Coal Company,* supra, at 13.

While recognizing this doctrine, our Court has noted a distinction between two sorts of compensation claimants. Claimants in one class are unable, because of their injuries, to perform even light work uninterruptedly. In their case, the rule of *Unora* concededly applies. Claimants in the other class are ". . . capable

of steadily performing certain types of light work. *It is presumed that such work is available, and that one can procure it."* *Sorby v. Three Rivers Motors,* 178 Pa. Superior Ct. 187, 192, 114 A. 2d 347 (1955). Cf. *Muenz v. Kelso Beach Improvement Association,* 181 Pa. Superior Ct. 105, 124 A. 2d 153 (1956); *Bobbouine v. Rex Shoe Company,* 200 Pa. Superior Ct. 273, 188 A. 2d 848 (1963).

Although we have adhered to this distinction often, most recently in *Petrone v. Moffat Coal Company,* 208 Pa. Superior Ct. 239, 222 A. 2d 416 (1966), allocatur allowed 209 Pa. Superior Ct. lxxiii, its basis in fact is not altogether clear. The presumption that suitable work is always available in the second class of cases appears to rest on some highly artificial and unrealistic notions about the mechanics of the labor market. If the effect of the presumption, in this case, were really to impose an almost insurmountable burden on the claimant to prove that he could not find employment, then we should be tempted to discard the presumption as unjust as well as unrealistic.

Thus, the Board obviously read Dr. Tomasco's testimony as asserting that claimant Kirk could perform light work, and it assumed that such work was available. But the claimant affirmatively testified in his own behalf, as follows:

"Q. Have you tried to get any lighter work that you could possibly do in your condition?

"A. No contractor wants a man that can't do his job. He bids on a job and he wants a man that can do it."

On cross-examination, he testified further:

"Q. Have you tried to get any work as an electrician?

"A. I went over the Union Hall. They wouldn't give me no work.

. . .

"Q. Have you tried to get any other type of work other than work as an electrician?

"A. What am I going to do?

"Q. Do you feel that you would be able to do a job that did not require bending, stooping or lifting of heavy objects?

"A. I set for a while, maybe a half hour, and I have to get up, and if I walk three or four blocks I have to sit down.

"Q. Have you done any work of any kind since the time of the accident?

"A. Not a minute."

If, on this record, claimant must be denied compensation for total disability because of the presumption announced in *Sorby* and *Petrone,* supra, then the presumption should be abandoned. However, those decisions are not controlling here.

In the first place, the employee in those cases was *seeking* compensation for total disability, and the ultimate burden of proof was properly on him. Here, it is the employer who seeks to modify an award previously agreed upon. He should not be relieved of the burden of demonstrating an essential element of his case.

Furthermore, even if the employer was entitled to place some reliance on the "presumption" announced in *Sorby* and *Petrone,* supra, the circumstances of this case plainly required that he produce further affirmative proof that work was available for Mr. Kirk. In the language of Mr. Justice MAXEY, the inference that light work is available because the claimant is, or may be, capable of performing it ". . . does not have a sufficiently broad factual base to warrant its projection to the height of a presumption of law." *Watkins v. Prudential Insurance Company,* 315 Pa. 497, 504, 173 A. 644 (1934). Cf. *Waugh v. Commonwealth,* 394 Pa. 166, 146 A. 2d 297 (1958).

The so-called "presumption" is either a mere inference (a permissible consideration of the probability that light work is obtainable under the circumstances), or it is "a rule of *proof production* based upon the comparative availability of material evidence to the . . . parties." *Watkins v. Prudential Insurance Company,* supra, at 504. (Emphasis supplied). But, in any event, it does not have the force of a fact in evidence.

At most, it shifted to the claimant *the burden of coming forward with evidence* that suitable employment was unobtainable. He did so. The employer, on the other hand, chose to rely on a "presumption" which is not a fact-provider, and which will not supply the want of affirmative evidence.

Since the burden of proof on the critical issue of available work remained on the employer, *Unora v. Glen Alden Coal Company,* supra, and since the employer offered no evidence at all on that issue, we conclude that the Board erred in deciding against the claimant.

In summary, the Board's determination that claimant Kirk was only partially disabled is not supported by competent evidence on the record. Moreover, the Board's reliance on a presumption that claimant could obtain suitable work, in the face of affirmative evidence to the contrary, was erroneous as a matter of law.

The order of the court below is reversed, and the employer's petition for modification is hereby dismissed.

MONTGOMERY and JACOBS, JJ., concur in the result.