Barrett, Appellant, *v.* Otis Elevator Company.

Argued April 20, 1967; reargued April 19, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph E. Gallagher*, with him *Thomas J. Foley, Sr., Ralph P. Needle, Leo G. Knoll*, and *O'Malley, Morgan, Bour & Gallagher*, for appellant.

*James M. Howley*, with him *James W. Scanlon*, for appellees.

OPINION BY MR. JUSTICE EAGEN, October 3, 1968:

This case has a long and rather confused history which will be simplified in order to quickly frame the question raised on this appeal.

Michael P. Barrett (hereinafter the Claimant) petitioned the Workmen's Compensation Board (hereinafter Board) for an award in accordance with the provisions of The Pennsylvania Workmen's Compensation Act, the Act of June 2, 1915, P. L. 736, 77 P.S. §1 et seq., alleging that he had incurred a disability as the result of an accident which occurred in the course of his employment for Otis Elevator Company (hereinafter the Employer). After considering the conflicting testimony of four medical doctors, the Board found that the claimant was totally disabled from December 8, 1961, to March 10, 1962, and 40 per cent disabled for an indefinite period thereafter. The claimant excepted to the Board's finding that his disability was only partial after March 10, 1962, and he appealed to the Court of Common Pleas of Lackawanna County. On remand from that court, the Board clarified and reaffirmed its finding and the claimant again appealed. The Court of Common Pleas of Lackawanna County dismissed the appeal on the ground that the challenged finding does not capriciously disregard competent evidence. The Superior Court affirmed per curiam, without opinion. This Court then granted allocatur. On September 26, 1967, we filed an opinion affirming the lower courts. Thereafter, we granted a petition for reargument to reconsider the question of whether or

not the Board's finding of partial disability should be sustained in the light of the decisions in *Kirk v. L. Bauer, Jr., Inc.*, 209 Pa. Superior Ct. 357, 228 A. 2d 228 (1967), and *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A. 2d 891 (1967).

The claimant's first objection to the Board's finding that he is only partially disabled is that the finding is based on the testimony of a medical doctor that fails to place the claimant's physical impairment in the context necessary to relate the accidental injury to a loss of earning power[1] which, of course, is the relevant question under the Pennsylvania Workmen's Compensation Act, supra.[2] The claimant points to *Kirk v. L. Bauer, Jr.*, supra, in which the Superior Court held that a finding of partial disability was not supported by competent evidence because the testimony of a medical doctor reflected the same weaknesses that claimant alleges exist in this case. Claimant concludes that here, as in *Kirk*, the Board's finding also should be rejected.

Although the medical testimony in this case, as in *Kirk*, may not have been competent, this defect could not be a ground for reversal given the limited nature of our appellate review. Courts do have the power to determine whether or not the Board's findings of fact are supported by competent evidence. *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 205-06, 133 A. 256,

---

[1] The context includes, for instance, "claimant's mental outlook, his industrial background, his education, the occupation, if any, he could perform where his particular physical impairment would not be a total bar, and whether such work exists." *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 13, 104 A. 2d 104, 107 (1954). Compare 1 CCH Unemployment Insurance Reporter, ¶12,427 (1968).

[2] E.g., *Woodward v. Pittsburgh Engineering & Construction Co.*, 293 Pa. 338, 143 A. 21 (1928); *Symons v. National Electric Products, Inc.*, 414 Pa. 505, 200 A. 2d 871 (1964). See generally, 1 Skinner, Pennsylvania Workmen's Compensation Law 396, 398, 406 (1947).

257-58 (1926), but it is established that, on appeal from a decision of the Board by the party having the burden of proof, the Board's findings of fact must be sustained unless they capriciously disregard competent evidence or unless they are inconsistent with each other or with either the Board's conclusions of law or its order.[3] In *Kirk,* the employer, who petitioned the Board for the modification of an agreement providing total disability benefits for the injured employee, had the burden of proving that the employee was not totally disabled. The Board found that the employee was only partially disabled, granted the employer's petition, and the employee appealed. Thus, the question on the appeal by the employee, who did not have the burden of proof, was whether or not the finding that he was partially disabled was supported by competent evidence. On the other hand, in this case the claimant concedes, with reference to this objection to the finding, that he has the burden of proof and he recognizes that, consequently, the standard of review is whether or not the Board capriciously disregarded competent evidence.[4]

The flaw in claimant's argument is that it confuses two different standards of appellate review. Claimant argues that the Board's finding that he is only partially disabled capriciously disregards competent evi-

---

[3] In the twenty-five years since these limitations on appellate review were first defined, *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 24 A. 2d 51 (1942), they frequently have been recognized by this Court. E.g., *Lowery v. Pittsburgh Coal Co.,* 427 Pa. 576, 235 A. 2d 805 (1967) ; *Baur v. Mesta Machine Co.,* 405 Pa. 617, 176 A. 2d 684 (1961).

[4] Claimant's brief states : "Claimant had the burden of proving all of the elements necessary to support an award and since the Board found against him the question on appeal is whether there has been a capricious disregard of the competent evidence. *Carey v. Philadelphia Ship Supply and Lumber Co.,* 209 Pa. Superior Ct. 306, 309 (1967) . . . ."

dence because it is unsupported by competent evidence.[5] It should be obvious that this argument is a non sequitur. A finding that is completely unsupported by competent evidence does not capriciously disregard competent evidence if there is not competent evidence to support a contrary finding. Actually the claimant's argument echoes a confusion which both the Superior Court and this Court have attempted frequently to dispel. Thus, the Superior Court has said: "Where the compensation authorities have found against the party having the burden of proof, in this case the claimant, the question on appeal is not whether the findings of fact are supported by sufficient competent evidence but rather whether there has been a capricious disregard of the competent evidence . . . ." *Bogan v. Smoothway Construction Co.*, 183 Pa. Superior Ct. 170, 176, 130 A. 2d 207, 210 (1957). Quite recently, in the same procedural context, this Court has said: "the question on review is not whether the evidence would sustain the board's finding but whether there was a capricious disregard of the competent evidence . . . ." *Lowery v. Pittsburgh Coal Co.*, 427 Pa. 576, 578-79, 235 A. 2d 805, 807 (1967).

It is unnecessary to analyze the record in detail to determine whether or not the Board's finding capriciously disregards competent evidence because the claimant's second argument, that the finding is erroneous as a matter of law, is meritorious.

The claimant notes that in *Petrone v. Moffat Coal Co.*, supra, the Board's finding that the claimant was partially disabled because he could do "light work of a general nature," which the Board presumed was

---

[5] Claimant's brief states: "It is submitted the Board's finding of 'partial disability' is unsupported by the competent evidence in the record and, accordingly, there was a capricious disregard of the unanimous *medical* evidence . . . ."

available to claimant, was not sustained when the record contained no evidence that such work was available to a person of claimant's limitations. Claimant argues that in this case, as in *Petrone,* the Board's finding that claimant is partially disabled should not be sustained because the record contains no evidence that work is available to someone of claimant's limitations. The employer responds that in *Petrone* the finding that the claimant was partially disabled was rejected because it rested on the ability of the claimant to do only light work of a general nature and on the economically unrealistic presumption that such work is available to someone capable of performing it. The employer argues that because the finding of partial disability in this case does not rest on the claimant's ability to do only light work of a general nature and on the rejected presumption, but rather on his ability to do any type of work, *Petrone* is not controlling.

Simply stated, the issue between the parties is whether or not the decision in *Petrone,* which puts on the employer the burden of proving availability of light work of a general nature to a claimant who can do only such work, should be narrowly limited or should be extended to place the burden on the employer of proving the availability of any type of work to an injured employee. To intelligently resolve this issue, the fact to be proven must be closely analyzed with reference to the considerations which underlie the apportionment of burden of proof. Unfortunately, neither party has assisted the Court in this analysis, so we are forced to rely on our own research and thinking.

If the existence or nonexistence of a fact can be demonstrated by one party to a controversy much more easily than by the other party, the burden of proof

may be placed on that party who can discharge it most easily.[6] Thus, although the applicant for disability benefits under the Social Security Act prior to the 1965 Amendments had the burden of proving that he was unable to engage in any "substantial, gainful activity," see 42 U.S.C. §423(c)(2) (1964), the federal courts held that, once the applicant had shown that he was unable to do the type of work that he formerly did, the Secretary of Health, Education and Welfare had the burden of proving that other work was available which the applicant could perform. This allocation of the burden of proof appears to have been based, at least in part, on the fact that employment information is more easily available to the Secretary of Health, Education and Welfare than to the applicant.[7]

Although the person from whom compensation is sought in the federal social security cases may well have easy access to employment information, it does not appear that the same is true in the typical state workmen's compensation case. With the rare exceptions of employment agencies and possibly very large industrial concerns which have employment offices, the person from whom compensation is sought in workmen's compensation cases has no more access to employment information than does the claimant. Consequently, this consideration appears to have no bear-

---

6 "Still another consideration has often been advanced as a special test for solving a limited class of cases, i.e., the burden of proving a fact is said to be put on the *party who presumably has peculiar means of knowledge* . . . ." 9 Wigmore, Evidence §2486 at p. 275 (1940).

7 "The Secretary's expertise should enable him to readily furnish information as to the employment opportunities (including those in sheltered workshops), or the lack of them, for persons of plaintiff's skills and limitations." *Kerner v. Flemming*, 283 F. 2d 916, 922 (2d Cir. 1960) (FRIENDLY, J.).

ing on whether the claimant or the employer should have the burden of proof on the question of the availability of jobs to an injured workman.

If experience indicates that a fact, the existence of which will affect the outcome of a controversy, exists only rarely, the burden of proof may be placed on the party who would wish to show the existence of the fact, if for no other reason than to expedite trial in the great number of cases when a suggestion that the facts exist would be frivolous.[8]  Thus, although the burden of proving loss of earning power historically has been on the claimant, when the claimant was capable of doing only "light work of a selective nature" (defined as intermittent work or "odd jobs," *Earley v. Philadelphia & Reading Coal & Iron Co.*, 144 Pa. Superior Ct. 301, 304-05, 19 A. 2d 615, 617 (1941)) the employer had the burden of proving that such work was available to the claimant. *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 13 n. 1, 104 A. 2d 104, 107 n. 3 (1954). This special allocation of the burden of proof appears to have derived from the belief that such work is not generally obtainable. Compare Annot., 33 A. L. R. 115, 121-22 (1924), *with Consona v. R. E. Coulborn & Co.*, 104 Pa. Superior Ct. 170, 158 A. 300 (1932).

Although the belief that light work of a selective nature (and possibly in this age of automation, light work of a general nature as well) is not readily obtainable, may be reasonably supportable with no data more scientific than the informal knowledge of the bench and bar, to conclude that no type of work is readily available to any worker with some physical

---

[8] "The controversy whether a plaintiff in tort should be required to prove his own carefulness, or the defendant should be required to prove the plaintiff's carelessness, has depended in part on experience as to a plaintiff being commonly careful or careless . . . " 9 Wigmore, Evidence §2486 at pp. 276-77 (1940).

impairment certainly would be rash unless supported by more formal and extensive empirical studies. Consequently, this consideration cannot be invoked to support placing on the employer the burden of proving that jobs are available to a claimant who can do work not restricted to light work of a selective or general nature.

The burden of proof may be placed on the party who must prove the existence of a fact rather than on the party who must prove its nonexistence.[9] This consideration has been mentioned frequently in federal cases involving the burden of proof under the disability provisions of the Social Security laws. E.g., *Rosin v. Secretary of Health Education and Welfare,* 379 F. 2d 189, 195 (9th Cir. 1967); *Baker v. Gardner,* 362 F. 2d 864 (3rd Cir. 1966). It also appears to have been at least part of the rationale for the decision in *Petrone.*[10]

Frankly, the validity of the application of this consideration to the allocation of the burden of proving the availability or nonavailability of jobs to a disabled claimant is not clear. If for no other reason than the quantity of evidence, it certainly is more difficult to prove *conclusively* that no jobs are available than to prove *conclusively* that a job is available, but conclusive proof is not required on this issue. Given that a preponderance of the evidence is all that is required, the proof of a negative does not appear so difficult that

---

[9] "It is often said that the burden is on the *party having in form the affirmative allegation.*" 9 Wigmore, Evidence §2486 at p. 274 (1940).

[10] "The law does not require that the claimant must visit every building and house in his community to inquire if he is needed as an elevator operator or engineer on a power lawn mower. If light work is available, it is easier for the defendant to prove its existence than for the claimant to prove its nonexistence." *Petrone v. Moffat Coal Co.,* 427 Pa. 5, 11-12, 233 A. 2d 891, 895 (1967).

the burden of proof should be placed on the party who wishes to establish the affirmative.

Nevertheless, if this consideration is pertinent, as many cases, including *Petrone,* suggest, it appears that it supports placing the burden of proof on the employer not only on the issue of the availability of light work of a general nature, but also on the issue of the availability of any type of work.

Even though the above consideration, conventionally used to determine on which party the burden of proof should rest, does not strongly weigh in favor of placing on one party or the other the burden of proof on the question of the availability of jobs to a claimant who can do work not limited to light work of a selective or general nature, other factors, not typical in the allocation of the burden of proof, convince us that the burden of proof on this question must be placed on the employer.

First, it is essential that whatever rule we adopt clearly indicate who bears the burden of proof, especially because this determines the scope of appellate review. There does not appear to be a "bright line" dividing light work of a general nature from work demanding more physical ability or training, as there was dividing light work of a general nature from light work of a selective nature, see *Earley v. Philadelphia & Reading Coal & Iron Co.,* supra, the boundary line where the burden of proof, switched from employee to employer before the decision in *Petrone.* Although it might be possible to definitely fix the boundary between light work of a general nature and work requiring more physical ability and training, for instance in terms of categories used in United States Department of Labor, Selected Characteristics of Occupational Titles (Physical Demands, Working Conditions, Training Time), A Supplemental to the Dictionary of

Occupational Titles, A-1 to A-7 (1966), this line would be somewhat arbitrary and also might cause a disproportionate amount of effort to be devoted to the determination of whether a particular claimant's disability was on one side of the line or the other. Thus to make clear who has the burden of proof, it appears desirable to rest the burden on the same party whenever the claimant can do any work, whether it be loosely described as light work of a general nature or not.

Second, by placing the burden of proof on the employer in all cases, we may make more attractive agreements between employers and employees who suffer temporary total disability. To illustrate, assume that an employee is accidentally hurt in the course of his employment and will be totally disabled temporarily but is expected to recover partially or completely. If the employer agrees to pay total disability benefits, he later may have to petition the Board to reduce or terminate the payments and he will have the burden of proof on such a petition. If the employer does not agree to pay total disability benefits, the employee will have to petition the Board and he presently has the burden of proof. This disparity in the burdens of proof may operate to discourage employers from entering compensation agreements. By making the burden of proof uniform, we remove this disadvantage.

In summary, then, although the considerations which usually enter into a decision on whom should have the burden of proof do not conclusively indicate that the employer should have the burden of proving jobs are available to a disabled claimant who can do work not limited to light work of a general nature, we are convinced that *Petrone* cannot effectively be limited to placing the burden on the employer only when the claimant can do nothing but light work of a gen-

eral nature. Consequently, we hold that, once the claimant has discharged his burden of proving that, because of his injury, he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of obtaining.

Reversed and remanded to the Workmen's Compensation Board for a hearing and findings in accordance with the burden of proof as now defined.

Mr. Justice ROBERTS concurs in the result.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

Notwithstanding the interesting ramblings by the majority in the field which used to be the legal field of Workmen's Compensation, but has now been changed by it to the field of human emotions and equities, it still ought to be the law in Workmen's Compensation cases, as it is in the field of trespass and in other fields of *the law*, that the person who has the burden of proof to sustain his claim has to produce competent and adequate evidence to sustain his claim. This has been and should continue to be the law, even though the opposite party is in a better position to possess or acquire the essential facts or the necessary knowledge. I would cast upon the claimant the burden of proving his claim to total or partial disability, and if the latter, further proof that employment for a person with *his kind* of partial disability is *not available to him*. Any other standard or requirement or burden is founded upon emotion and not law, and makes a travesty of the law.

For these reasons, I would affirm the Workmen's Compensation Board and the Superior Court.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

In the recently decided case of *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A. 2d 891 (1967), we deter-

mined that in a situation arising under the Occupational Disease Act, Act of June 21, 1939, P. L. 566, §301(e), 77 P.S. §1401(e), when a claimant is found physically capable of performing *light work of a general character,* the burden is upon the parties from whom compensation is sought to show that such work is available to the claimant.

The instant case does not involve that situation, since here a definite determination was made by the Workmen's Compensation Board that the claimant was 40% disabled by a back injury suffered in an accident at work. The record discloses that an impartial physician appointed by the Board testified unequivocally that there was a disability percentage of *35 to 40* percent and that this disability was applicable to any type of work. The Board adopted 40% as its finding. Its action was affirmed by the Court of Common Pleas of Lackawanna County and the Superior Court.

The long established practice in Workmen's Compensation litigation heretofore accepted a percentage of disability without the requirement of additional proof. I would not change that practice.

I dissent.