## United States Steel Corporation *v.* Valenson, et al.

Argued January 11, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Richard F. Lerach,* for appellant.

*Leonard P. Kane, Jr.,* with him *Brandt, McManus, Brandt & Malone,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 22, 1973:

This is an appeal from a decision of the Workmen's Compensation Appeal Board granting benefits to the claimant-appellee.

The claimant filed an original Claim Petition alleging that he was suffering a disability due to heart damage resulting from exposure to carbon monoxide within the scope of his employment with the employer- appellant at its Duquesne Works on November 26, 1968.

The employer's answer to claimant's petition denied that the disability of the claimant related to his employment.[1] In the alternative, the employer contended

---

[1] No evidence was offered by the employer to support this position.

that if the claimant did have a disability related to his employment, the disability was partial in nature and that the employer had offered the claimant a light work position consistent with the physical limitations.

The uncontradicted testimony in the record indicates that the claimant had been absent from work from November 27, 1968 through June 8, 1969. He then returned to work and worked from June 9, 1969 through July 18, 1969, when he was forced to stop because the duties of a millwright, his original job, proved too strenuous for his physical capabilities.

At this time, the employer, United States Steel Corporation, offered the claimant a position as a janitor, which he refused.

A hearing was held before a referee of the Workmen's Compensation Appeal Board. The referee, in an opinion dated March 10, 1971, found as a fact that the claimant did sustain an accident within the scope of his employment on November 26, 1968. The referee further found that as a result of said accident the claimant was totally disabled from November 26, 1968 through June 8, 1969, and that the claimant had returned to work from June 9, 1969 through July 18, 1969. Finally, the referee found that the claimant was again totally disabled from July 19, 1969 through August 19, 1969 and that all disability ceased as of that time.

The claimant appealed the referee's decision to the Board taking the position that the referee's finding of total cessation of disability on August 19, 1969 was erroneous. Before the Board, the employer agreed that the record would not support the referee's finding of a total cessation of disability subsequent to August 18, 1969. However, the defendant urged the Board that the claimant should be limited to partial disability benefits as of August 13, 1969, because a light work job, a jani-

torial position, which defendant had offered to claimant became available on that date.

The Board in an opinion dated August 17, 1972 held that the claimant was entitled to total disability benefits after August 18, 1969 and into the future. The Board's decision was based upon its conclusion that the employer failed to offer the claimant a position within his physical limitations.

The employer now appeals to this Court from the order of the Board. We affirm.

The employer-appellant contends that the Board's finding that the claimant was not offered a light work position consistent with his physical limitations was not supported by competent evidence. With this we must disagree.

The sole question at issue is whether the finding of the Board that the job offered to claimant by the employer-appellant was not within his limited physical capabilities is supported by sufficient competent evidence. If so supported, it is agreed that the claimant is entitled to total disability benefits. *See Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 668 (1968).

The claimant's doctor testified that the claimant could perform light work if he (1) refrained from walking stairs any more than one normally does around the house; (2) did not lift any weight above twenty-five pounds, and (3) was in a position to take adequate rest periods during the day.

The testimony produced by the appellant in support of its allegation that a suitable position was offered the claimant shows that such a position in fact was not extended. The janitorial job described by the appellant's witness does not conform to the limitations outlined by claimant's doctor. As a janitor, the claimant would have to climb a prohibited number of stairs, lift various

pieces of furniture, and travel throughout the vast area of the steel plant.

Clearly, then, there was ample competent evidence to support the Board's finding that the appellant failed to offer the claimant a position within his physical capabilities and the resulting conclusion that the claimant was entitled to total disability.

### ORDER

AND Now, March 22, 1973, the Workmen's Compensation Appeal Board's order sustaining the referee's award is hereby affirmed. Accordingly, judgment is entered in favor of the claimant, William Valenson, and against United States Steel Corporation in the amount of $1,207.55 for hospital and doctor bills and for compensation at the rate of $60.00 per week beginning November 26, 1968 except that compensation shall be at the rate of $14.19 from June 9, 1969 to July 20, 1969 together with interest at the rate of six percent per annum on deferred installments from date due to the date paid, and continuing for an indefinite period, all within the terms and limits of the Pennsylvania Workmen's Compensation Act.