Rochester & Pittsburgh Coal Company and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and James D. Norris, Respondents.

Argued September 14, 1978, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*George L. Thompson,* with him *Paul E. Sutter,* and *Hirsch, Weise & Tillman,* for petitioners.

*Sandra S. Christianson,* Assistant Attorney General, and *David J. Tulowitzki,* with them *Blair V. Pawlowski* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE ROGERS, October 27, 1978:

The Rochester & Pittsburgh Coal Company and its insurer, Old Republic Companies have appealed a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision that James D. Norris was entitled to compensation as a worker totally disabled by coal worker's pneumoconiosis.

Mr. Norris worked as a miner for various employers for 47 years. In January 1974, on the advice of his family physician, Mr. Norris retired from his employment with his then employer, Rochester & Pittsburgh Coal Company, because of a heart condition. In April 1975 he filed a claim for occupational disease benefits under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., in which he alleged that as a result of his exposure to coal dust during his employment he had become totally disabled by coal worker's pneumoconiosis. The referee found that Norris was totally disabled and awarded compensation accordingly. On appeal, the Board found that there was substantial evidence to support the referee's findings and affirmed. This appeal followed.

The appellants first contend that the finding that Mr. Norris is totally disabled is not supported by sub-

stantial evidence. A Dr. Williams testified in behalf of Mr. Norris that the latter suffers from coal workers' pneumoconiosis, that he should not have any further exposure to that disease as a coal miner, that he is occupationally disabled from performing any work which he is presently qualified to do, and that his occupational disability is total, permanent and irreversible. The appellants, ignoring the testimony just reported, point out that in the course of his testimony Doctor Williams also said that Mr. Norris "could probably not perform all the duties expected of an average coal miner." Due regard must be given to all of the doctor's testimony; in its entirety, it constitutes a sufficiently positive professional opinion that Mr. Norris was totally disabled to carry on the work of a coal miner or any similar occupation.

The appellants are also critical of a report of a Dr. Bradley stating his professional opinion that Mr. Norris "is totally and permanently industrially disabled from coal workers' pneumoconiosis." The appellants say that the words "occupational" used by Dr. Williams and "industrially" used by Dr. Bradley so qualify the phrase "totally . . . disabled" that the opinions expressed are not evidence of total disability. The appellants provide no authority for this proposition. Their theory seems to us to be a reversion to the law prior to *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A.2d 891 (1967), *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968), to the effect that one claiming compensation for total disability did not satisfy his burden of proof by merely proving that he is unable to do exactly the same kind of work he did before but that it was necessary for him to prove that his earning power was entirely destroyed. *See, for example, Winters v. State Workmen's Insurance Fund*, 136 Pa. Superior Ct. 293, 7 A.2d 112 (1939). In *Petrone v. Moffat Coal Co., supra* and *Barrett v.*

*Otis Elevator Co., supra,* the first an occupational disease case and the second workmen's compensation, the Supreme Court held that a claimant shows his entitlement to benefits for total disability by proof that he cannot do the work he did before or that he can do only light work of a general nature. The Supreme Court there overruled prior decisions of the Superior Court, holding that there is no presumption that work other than his former employment which the claimant might be able to do is in fact available, and held that in such cases the burden is on the employer to prove that such other work is available. It being clear in this case that Mr. Norris is totally disabled as a coal miner, it was the appellants' burden, if they believed that the words "occupational" and "industrially" imported that there was other work that he could do, to show that such other work was available. They made no effort to do so.

The appellants' second contention arises from the fact that Mr. Norris had a heart condition apparently diagnosed before the pneumoconiosis and that he retired from work on the advice of the physician who had diagnosed his heart problem. Dr. Williams testified in this regard that his examination showed an improvement in the heart condition to the point where Mr. Norris's electrocardiogram was normal. Dr. Williams, aware of the heart problem, nevertheless testified that Mr. Norris was totally disabled as a coal miner or any similar activity as the result of pneumoconiosis. Dr. Bradley's report includes, in addition to his testimony that Mr. Norris is totally industrially disabled as the result of pneumoconiosis, the report of a normal electrocardiogram tracing.

The fact that the appellants adduced evidence contradictory to that produced by Mr. Norris does not establish that the latter, which the referee accepted, was not substantial.

ORDER

AND Now, this 27th day of October, 1978, judgment is entered in favor of James D. Norris and compensation is awarded to James D. Norris for total disability at the rate of $106.00 per week, the rate in effect on the claimant's last date of employment. 50% or $53.00 shall be paid by the defendant, Rochester & Pittsburgh Coal Co., and/or their insurance carrier, Old Republic Insurance Company, and 50% or $53.00 to be paid by the Commonwealth of Pennsylvania. Payments shall begin on April 9, 1975.

Interest is taxed on all accrued payments of compensation due and owing by the defendant and its insurance carrier only.