**Diane Clarke STREETT, Employee Below, Appellant,**

v.

**STATE of Delaware, Employer Below, Appellee.**

**No. 441,1994.**

Supreme Court of Delaware.

Submitted: May 9, 1995.
Decided: Aug. 15, 1995.
Revised: Oct. 5, 1995.

Joseph W. Weik of Czajkowski, Weik, Alazraki & Nitsche, Wilmington, for appellant.

David G. Culley and John J. Klusman, Jr. of Tybout, Redfearn & Pell, Wilmington, for appellee.

Before VEASEY, C.J., WALSH and BERGER, JJ.

BERGER, Justice:

In this appeal, Diane Clarke Streett ("Streett") seeks the reinstatement of workers' compensation benefits awarded by the Industrial Accident Board (the "Board"). The Superior Court reversed the Board, finding that Streett had not been incapacitated for three days as required by 19 *Del.C.* § 2321. Streett argues that the Superior Court erred, both in its factual finding about the duration of her disability and in its interpretation of the relevant statute. For the reasons stated below, we hold that: (i) there was substantial evidence to support the Board's factual finding that Streett was incapacitated for one week; and (ii) an employee's scheduled vacation days may be counted toward the three-day statutory waiting period. Accordingly, we reverse the decision of the Superior Court.

## I. FACTS

Streett is an attorney employed by the Public Defender's Office. On December 24, 1991, she went to Gander Hill Prison to meet with a client. As she sat down in a chair in the interview room, the chair broke and Streett fell to the floor. The fall aggravated prior injuries to Streett's shoulder, neck and back. Streett was in too much pain to continue her day's activities and she left work in the early afternoon. She did not return to work until January 3, 1992, because she had scheduled a vacation during the week between the Christmas and New Year's holidays.

On the day of the accident, Streett tried to contact her osteopath, but the doctor was not available. She did not seek any other medical attention until after the holidays. On January 8, 1992, Streett was examined by her chiropractor, Dr. Suzanne Kloud ("Kloud"), who found that the accident had exacerbated Streett's prior neck and back injuries and had caused independent injury

to her left side and hip. Kloud recommended active chiropractic treatments and physical therapy. Streett followed that course of treatment until June, 1992.

Approximately six months later, Streett filed a petition for workers' compensation benefits. At the Board hearing, Streett testified that, had she not been on vacation at the time, she would have been forced to stay home for at least one week following her accident. Streett explained that her job involves a great deal of activity. She is on her feet for many hours of each day while in trial and makes numerous trips back and forth to meet with clients, either in the courthouse lock-up or in Gander Hill Prison. Streett offered support for her disability assessment by noting that when she returned to work after slightly more than a week, she suffered considerable pain and had trouble lifting and carrying her files.

Medical evidence was presented to the Board by deposition. Kloud described Streett's injuries and opined that, in all probability, those injuries would have prevented Streett from working for at least three days. The State offered the medical opinion of Dr. Daniel Gross ("Gross"), an orthopedic surgeon, who testified that Streett's injuries would have disabled her for only a couple of days.

The Board found that Streett was incapacitated for a week and that her injuries necessitated six months of medical treatment. Since the State had voluntarily agreed to pay all of Streett's medical expenses, however, the Board awarded Streett only medical witness fees and attorney's fees. The Superior Court reversed the Board's decision. The court held that the Board's finding with respect to the duration of Streett's incapacitation was not supported by competent evidence and that Streett was incapacitated for only three days at most. Since two of those three days were days on which Streett was not scheduled to work (Christmas Day and a scheduled vacation day), the court concluded that Streett had not satisfied the three-day waiting requirement of 19 *Del.C.* § 2321.[1]

## II. *DURATION OF INCAPACITATION*

Streett argues that the Superior Court improperly substituted its own factual findings for those made by the Board when the court concluded, "[t]he record clearly shows that the claimant was incapacitated for at most three days and this Court so finds." *State v. Streett,* Del.Super., C.A. No. 94A–04–022, Slip. Op. At 5, Barron, J., 1994 WL 682441*2 (November 3, 1994) (Order). The State responds that the Superior Court correctly disregarded Streett's testimony that she was incapacitated for "[a]bout a week," because, as a non-expert, she was not competent to testify as to the extent of her disability.

■ Appellate courts review factual findings by the Board to determine whether they are supported by substantial evidence. *State v. Cephas,* Del.Supr., 637 A.2d 20 (1994). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Olney v. Cooch,* Del.Supr., 425 A.2d 610, 614 (1981). "Only where there is no satisfactory proof in support of a factual finding of the Board may the Superior Court, or this Court for that matter, overturn it." *Johnson v. Chrysler Corp.,* 59 Del. 48, 213 A.2d 64, 67 (1965).

■ The claimant has the burden of establishing a work-related injury and the extent of the injury. *McCormick Transp. Co. v. Barone,* 47 Del. 202, 89 A.2d 160 (1952). Generally, medical evidence must be presented to support the employee's claim. Where the claimant's injury is internal, for example, medical evidence is "essential in order to properly determine that an injury in fact has occurred and the extent of such injury." *Id.* 89 A.2d at 163. However, medical evidence is not the only evidence the Board may rely upon in making its factual determinations with respect to the claimant's injury. In *General Motors Corporation v. Freeman,* 53 Del. 74, 164 A.2d 686 (1960), the employer disputed the employee's claim that his eye

1. In light of its disposition of the merits, the Superior Court did not address the State's contention that the Board erred in awarding attor- ney's fees. That issue is not before this Court but will be subject to determination by the Superior Court in the first instance, upon remand.

injury was caused by an accident at work. The medical evidence on causation was "weak and uncertain," but the Board found in the employee's favor. *Id.* 164 A.2d at 689. In evaluating whether the Board's finding was supported by substantial evidence, this Court noted the employee's testimony as to the onset of his vision problems and the absence of any similar problems prior to the accident at work. That lay evidence, combined with the marginal expert medical evidence, was held sufficient to sustain the Board's decision.

In the present case, both the existence of an injury and its causation were established by undisputed medical evidence. Kloud and Gross agreed that Streett's fall at Gander Hill Prison aggravated pre-existing injuries to Streett's neck and back. Neither doctor had examined Streett immediately after her accident, but both offered opinions as to how long Streett would have been incapacitated by her injuries. Kloud, who had been treating Streett for some time prior to her accident at work, testified that Street would have been incapacitated for at least three days. Gross, who had more limited contact with Streett, apparently thought Streett would have been incapacitated for at most three days.

■■■ The medical evidence as to the duration of Streett's disability was relatively weak and somewhat inconsistent. However, we are satisfied that duration is an issue, similar to causation, where medical evidence may be supplemented by other credible evidence. Here, the other credible evidence was Streett's testimony that she was suffering significant pain and would have been unable to work for one week following the accident. Streett's testimony was not inconsistent with Kloud's at-least-three-day estimate and, together, they constitute substantial evidence in support of the Board's factual finding.

III. *SECTION 2321*

■■■ Despite our conclusion that Street was incapacitated for seven days, there re-

mains a question as to whether she satisfied the three-day statutory waiting period set forth in 19 *Del.C.* § 2321. This is so because, as it happened, Streett was not scheduled to work during any of those seven days. The day following her accident was a legal holiday and for the week after that, Streett was scheduled to be on vacation. The Superior Court interpreted § 2321 as excluding from the calculation of the three-day waiting period legal holidays, vacation days, or other days on which the claimant was not scheduled to work. That decision is subject to *de novo* review by this Court. *Arnold v. Society for Savings Bancorp, Inc.,* Del.Supr., 650 A.2d 1270, 1287 n. 30 (1994).

■■■ When construing a statute, the Court attempts to ascertain and give effect to legislative intent. *Hudson Farms, Inc. v. McGrellis,* Del.Supr., 620 A.2d 215 (1993). However, "[w]here the intent of the legislature is clearly reflected by unambiguous language in the statute, the language itself controls." *Spielberg v. State,* Del.Supr., 558 A.2d 291, 293 (1989). These principles must be applied in the context of the settled public policy in Delaware that the Workers' Compensation Act is to be liberally construed to promote its "twin purposes of providing a scheme for assured compensation for work-related injuries without regard to fault and to relieve employers and employees of the expenses and uncertainties of civil litigation." *New Castle County v. Goodman,* Del.Supr., 461 A.2d 1012, 1014 (1983).

Section 2321 provides in relevant part:

No compensation shall be paid for any injury which does not incapacitate the employee for a period of 3 days from earning full wages, and compensation shall begin on the fourth day of incapacity after the injury, unless the incapacity extends to 7 days.... In the case of incapacity for a 7 day period ... the employee shall not be excluded from receiving compensation for the first 3 days of incapacity. 19 *Del.C.* § 2321.[2]

2. This statute was amended effective July 10, 1995, to substitute a one-day waiting period for the three-day period with respect to the payment of medical expenses. 70 *Del.Laws,* Ch. 205. That change, however, does not affect this case or the substance of our ruling.

The statute does not address the question before this Court. It requires a period of three days during which the employee is incapacitated from earning full wages, but it does not specify whether those days must be "work" days. Since § 2321 is silent on this point, we must construe the statute and must do so liberally in order to accomplish its intended purpose. *See New Castle County v. Goodman, supra* (where this Court concluded, under a liberal construction of § 2321, that one's incapacitation need not immediately follow the injury in order to satisfy the three-day requirement).

 We find it consistent with the purposes of the Workers' Compensation Act to include scheduled vacation days in determining an employee's eligibility for benefits under § 2321. Several factors support this construction. First, employees should not be penalized for something totally beyond their control—the timing of their injury. Second, it would be disruptive to employers if employees were forced to cancel scheduled vacations on very short notice in order to satisfy the three-day waiting period in circumstances such as those presented here. Finally, vacations may range from a few days to four weeks, or more. It would be absurd to say that an employee who is totally disabled for four weeks has not met the threshold three-day incapacitation requirement of § 2321 for the sole reason that the employee was listed as being on vacation. *See C. v. C.,* Del.Supr., 320 A.2d 717, 722 (1974) (statutes should be construed to avoid absurd or unworkable results).

It follows from our conclusion that vacation days may be used to satisfy the three-day waiting period, and the Board's finding that Streett was incapacitated for one week, that Streett satisfied the requirements of § 2321. Thus, we need not resolve the somewhat related question of whether legal holidays, or other days on which the employer is not open for business, are counted toward the three-day waiting period. There may be a valid basis for distinguishing between work days (regardless of whether a particular employee is scheduled to be on vacation) and non-work days. However, we decline to address that issue until it is presented in an appropriate case.

Based upon the foregoing, the decision of the Superior Court is REVERSED and this matter is REMANDED for disposition of the Board's attorney's fee award, if the employer still wishes to appeal that issue.