ESTATE OF Sally JACKSON,
Claimant, Below
Appellant,

v.

GENESIS HEALTH VENTURES,
Employer, Below Appellee.

No. 49, 2011.

Supreme Court of Delaware.

Submitted: May 18, 2011.

Decided: July 1, 2011.

Walt F. Schmittinger and Kristi N. Vitola, Schmittinger and Rodriguez, P.A., Dover, Delaware for appellant.

Timothy A. Casey, Wilmington, Delaware for appellee.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

STEELE, Chief Justice:

Sally Jackson appeals from a Superior Court order affirming the judgment of the Industrial Accident Board denying her claim for total disability compensation. She claims that both the IAB and the Superior Court erroneously denied her claim, because her retirement does not bar her ability to receive workers' compensation benefits. Because the record contains sufficient evidence to support the IAB's decision to deny her total disability benefits, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

On October 21, 1994, Jackson injured her right knee while working as a nurse for Genesis Health Ventures. As a result, she had arthroscopic surgery for which Genesis paid her workers' compensation benefits, including medical expenses, total disability, and permanency. After the surgery, Jackson's knee continued to cause her physical pain and discomfort. She consulted another doctor in 1997, but because of her diabetes and medication allergies, she could not follow the conventional treatment plan of anti-inflammatory medications and injections. Instead, she opted to treat the pain and swelling with Tylenol and ice.

After her arthroscopic surgery, Jackson returned to work as a nurse in 1996. She continued to work as a nurse until she took early retirement in 1999. According to her testimony at her IAB hearing, Mrs. Jackson retired because, "Well my knee was bothering me and I also had problems with [my] back which kind of over rode [sic] the knee." The record reflects that after her early retirement, Jackson's only significant work experience was a brief tenure as a staff developer in a nursing home in 2005—a job she quit after five weeks because of pain from the same preexisting back injury which had precipitated her original retirement. She also has spent between four and seven hours per month helping her husband provide music to nursing homes. Otherwise, since her 1999 retirement, Jackson has not sought any further employment.

In September 2007, Jackson's knee problem worsened and she fell in her garage. For the first time since her consultation in 1997, Jackson sought treatment from an orthopedic surgeon and a joint specialist, and she ultimately underwent a total knee replacement surgery in April

2008. This surgery successfully replaced her knee, although the hospital briefly re-admitted her in May 2008 after she suffered multiple pulmonary embolisms arising out of the surgery.

On June 23, 2008, Jackson filed a petition with the IAB seeking workers' compensation benefits for the cost of her knee replacement surgery and subsequent pulmonary embolism treatment. The basis for the petition was that her medical treatment was causally related to her 1994 work accident and therefore compensable by Genesis. Jackson also requested total disability compensation for the recovery period following her knee replacement surgery, partial disability following any eventual return to work, costs, and fees.

After conducting a hearing, the IAB found that Jackson's 2008 right knee replacement surgery was a "direct and natural result" of her 1994 work accident. It awarded her medical costs, attorneys' fees, and medical witness fees. The IAB denied her claim for total disability compensation, however, because it said she had not met her burden to show that she was unable to work because of her knee injury. Rather, the IAB concluded that based on her "undisputed testimony," Jackson had voluntarily removed herself from the workforce because of her back problem. The IAB also found significant Jackson's repeated assertions to her doctor that she was "retired" and the fact that she never discussed with her doctor the prospect of returning to work after her April 2008 knee replacement surgery.

On appeal to the Superior Court, Jackson's sole claim was that the IAB erred by denying her total disability compensation. The Superior Court judge noted that Delaware's Workers' Compensation statute is silent regarding whether a worker may be compensated for an injury after retirement. The judge held that retirement is not an "absolute bar," but is one of the factors to consider when determining whether a claimant is entitled to disability benefits. The judge then concluded that the record contained substantial evidence to support the IAB's findings that Jackson retired in 1999 due to pain from an unrelated back injury, she told her treating physician multiple times that she was "retired," and she had never discussed looking nor looked for work during her post-knee replacement surgery treatment period. The Superior Court judge affirmed the IAB's decision and Jackson appealed.

## II. STANDARD OF REVIEW

The issue in this appeal is whether the Superior Court judge erred in upholding the IAB's denial of total disability benefits to Jackson. Jackson claims she is entitled to receive those benefits because Delaware's total disability compensation statute, 19 *Del. C.* § 2324,[1] does not provide expressly that a worker's voluntary retirement precludes an award of those benefits. She also argues that because retirement is

---

1. 19 *Del. C.* § 2324. Compensation for total disability

For injuries resulting in total disability occurring after July 1, 1975, the compensation to be paid during the continuance of total disability shall be 66 2/3% of the wages of the injured employee, as defined by this chapter, but the compensation shall not be more than 66 2/3% of the average weekly wage per week as announced by the Secretary of the Department of Labor for the last calendar year for which a determination of the average weekly wage has been made, nor less than 22 2/9% of the average weekly wage per week. If at the time of the injury the employee receives wages of less than 22 2/9% of the average weekly wage per week, then the employee shall receive the full amount of such wages per week, as compensation. Nothing in this section shall require the payment of compensation after disability ceases.

not one of the three circumstances enumerated in the "forfeiture" provisions of the Workers' Compensation statute,[2] she has not forfeited her right to total disability benefits and there is no time limit on her continuing to receive those benefits.

■ Our review of an IAB decision mirrors that of the Superior Court. Specifically, we must determine whether substantial evidence supports the IAB's decision and if it is free from legal error.[3] We review issues of law *de novo*.[4] Absent an error of law, we review for abuse of discretion.[5] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6] When undertaking this form of review, we do not weigh the evidence, determine questions of credibility, or make our own factual findings.[7]

## III. ANALYSIS

■ We have recognized that "voluntary retirement is only one factor to consider in determining whether an employee is entitled to disability benefits under Delaware law."[8] If, for example, an employee's retirement decision was motivated by a work-related injury that affected that employee's ability to find a comparable job, that injury has diminished the employee's earning power and thereby entitles the employee to workers' compensation benefits.[9] An employee may collect dis-

---

**2.** 19 *Del. C.* § 2353. Forfeiture or suspension of right to compensation

    (a) If the employee refuses reasonable surgical, medical and hospital services, medicines and supplies tendered to the employee by the claimant's employer, the claimant shall forfeit all right to compensation for any injury or any increase in the claimant's incapacity shown to have resulted from such refusal. Reasonable medical services shall include, if the Board so finds, vocational rehabilitation services offered by any public or private agency.

    Where rehabilitation services require residence at or near the public or private agency away from the employee's customary residence, reasonable costs of board, lodging and travel shall be paid for by the employer. Refusal to accept rehabilitation services pursuant to order of the Board shall result in a loss of compensation for each week of the period of refusal.

    (b) If any employee be injured as a result of the employee's own intoxication, because of the employee's deliberate and reckless indifference to danger, because of the employee's willful intention to bring about the injury or death of the employee or of another, because of the employee's willful failure or refusal to use a reasonable safety appliance provided for the employee or to perform a duty required by statute, the employee shall not be entitled to recover damages in an action at law or to com-

pensation or medical, dental, optometric, chiropractic or hospital service under the compensatory provisions of this chapter. The burden of proof under this subsection shall be on the employer.

    (c) If an injured employee refuses employment procured for the employee and suitable to the employee's capacity, the employee shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Board such refusal was justifiable.

    . . .

**3.** *Vincent v. Eastern Shore Markets,* 970 A.2d 160, 163 (Del.2009).

**4.** *Id.*

**5.** *Person–Gaines v. Pepco Holdings, Inc.,* 981 A.2d 1159, 1161 (Del.2009).

**6.** *Id.* (quoting *Olney v. Cooch,* 425 A.2d 610, 614 (Del.1981)).

**7.** *Id.* (citing *Johnson v. Chrysler Corp.,* 213 A.2d 64, 66–67 (Del.1965)).

**8.** *Hirneisen v. Champlain Cable Corp.,* 892 A.2d 1056, 1060 (Del.2006).

**9.** *Mladenovich v. Chrysler Group, L.L.C.,* 2011 WL 379196, at *4 (Del.Super.Jan.31, 2011) (citing *Sharpe v. W.L. Gore & Assocs.,* 1998 WL 438796, at *2 (Del.Super. May 29, 1998)).

ability benefits even after voluntarily retiring from a specific job, so long as that employee does not intend to remove herself from the job market altogether.[10] But where, as here, an employee does not look for any work or contemplate working after retiring, however, and is content with her retirement lifestyle, that employee is not eligible for workers' compensation benefits.[11]

Here, the IAB found that, as a factual matter, Jackson had voluntarily retired because of a non-work related back injury—not her knee injury. Although Jackson claims that she has not forfeited her right to disability benefits, that argument misses the mark because her retirement was not due to a work related accident or injury.[12] The IAB also concluded that after Jackson retired from Genesis, she had removed herself from the workforce entirely and did not seek subsequent employment as a nurse. The IAB found this after hearing testimony from Jackson and her treating doctor, both of whom conceded, among other things, that Jackson had repeatedly stated that she was retired and that she never discussed looking or attempted to look for work during or after her post-reconstructive surgery recovery period.

The record contains sufficient evidence to support the IAB's factual findings that Jackson voluntarily retired for a reason other than her work-related knee injury, had removed herself from the job market without seeking re-employment or contemplating seeking it, and was enjoying her retirement lifestyle with her husband. On these facts, substantial evidence supports the IAB's decision to deny Jackson total disability benefits and the Superior Court's judgment upholding that decision. Therefore, we affirm.

---

**10.** *See, e.g., Gen. Motors Corp. v. Willis,* 2000 WL 1611067, at *2 (Del.Super.Sep.5, 2000); *Chrysler Corp. v. Kaschalk,* 1999 WL 458792, at *3 (Del.Super. June 16, 1999).

**11.** *See, e.g., Gen. Motors Corp.,* 2000 WL 1611067, at *2; *Brown v. James Julian, Inc.,* 1997 WL 34816437, at *2 (Del.Super. Oct.6, 1997).

**12.** *See Mladenovich,* 2011 WL 379196, at *5 ("If an employee is able to demonstrate that the decision to retire was motivated by a work-related injury....").