IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

WILLIAM BUGAJ,                          )
                                        )  C.A. No.  K13A-10-003  JTV
            Appellant,                  )
                                        )
      v.                                )
                                        )
L & D SUZUKI, INC., and                 )
UNEMPLOYMENT INSURANCE                  )
APPEAL BOARD,                           )
                                        )
            Appellee.                   )


Submitted:  March 6, 2014
Decided:  June 19, 2014


William Bugaj, *Pro Se.*

Michael J. Hoffman, Esq., Baird, Mandalas Brockstedt, Lewes, Delaware.
Attorney for Appellee.


*Upon Consideration of Appellant's*
*Appeal From Decision of the*
*Unemployment Insurance Appeal Board*
**AFFIRMED**


**VAUGHN, President Judge**

*Bugaj v. L & D Suzuki, et al.*
C.A. No. K13A-10-003 JTV
June 19, 2014

## ORDER

Upon consideration of the parties' briefs and the record of the case, it appears that:

1. This is an appeal by William Bugaj from the Unemployment Insurance Appeal Board's (the "UIAB") decision that Mr. Bugaj was disqualified from receiving unemployment benefits because he was discharged from his work for just cause.

2. Mr. Bugaj worked at L & D Suzuki as a technician from August 1, 2007 until his discharge on June 11, 2013. The employer presented evidence that a vehicle arrived at L & D Suzuki that repeatedly shut off after running for a period of time. Rob Curley, who is L & D Suzuki's general manager, Mr. Bugaj, and another technician inspected the vehicle in an attempt to diagnose the problem. According to Mr. Curley's testimony, Mr. Curley thought the vehicle had a fuel pump problem, but Mr. Bugaj disagreed. An argument between Mr. Curley and Mr. Bugaj ensued regarding the vehicle's diagnosis. According to the testimony of James Metz,[1] another employee at L & D Suzuki, Mr. Curley told Mr. Bugaj to replace the fuel pump. Mr. Bugaj then refused to change the fuel pump. As a result, he was terminated for insubordination.

3. Mr. Bugaj testified that he, along with Mr. Curley and Tim Windsor, who was another employee at L & D Suzuki, inspected the vehicle to try to diagnose it. Mr. Windsor had his hand on the fuel pump and said that it was hot, indicating

---

[1] Mr. Metz only testified in the hearing before the UIAB.

2

that the fuel pump could have been the problem. Mr. Bugaj then removed the fuel pump to see if it functioned properly. Mr. Bugaj testified that the fuel pump functioned properly; that Mr. Curley raised his voice and said that Mr. Bugaj was just trying to put the other technicians down and make himself look good; that Mr. Curley then became angry and told Mr. Bugaj to leave and take his tools; and that Mr. Curley never told Mr. Bugaj to change the fuel pump.

4.    On July 2, 2013, a Claims Deputy determined that Mr. Bugaj was terminated without just cause and, therefore, was not disqualified from receiving unemployment benefits. On July 30, 2013, an Appeals Referee affirmed the Claims Deputy's decision. On October 9, 2013, the UIAB, after considering the record of the decisions of the Claims Deputy and Appeals Referee and hearing testimony from Mr. Curley, Mr. Metz and the claimant, reversed the Appeals Referee's decision and found that Mr. Bugaj was disqualified from receiving unemployment benefits because he was terminated for just cause.

5.    On appeal, Mr. Bugaj contends that there is insufficient evidence to support the UIAB's decision because assuming, *arguendo,* that Mr. Curley directed Mr. Bugaj to change the fuel pump, this was not a reasonable directive; that it is undisputed that immediately before the alleged directive to change the fuel pump, Mr. Bugaj demonstrated to Mr. Curley that the fuel pump actually worked; that Mr. Bugaj was denied his right to a fair hearing before the UIAB because the employer thwarted Mr. Bugaj's attempt to subpoena a critical witness, Tim Windsor, by failing to accept the subpoena addressed to Mr. Windsor, care of L & D Suzuki; that Mr. Bugaj did not

know at the time of the UIAB hearing that the subpoena was returned; that Mr. Bugaj was neither given the opportunity to postpone the UIAB hearing, nor was he aware that he had the option to do so; and that Mr. Windsor's testimony was crucial to his case because he was the only witness to the event that led to Mr. Bugaj's termination.[2]

6.       On appeal, the employer contends, *inter alia*, that the UIAB's decision was supported by substantial evidence; and that Mr. Bugaj was not denied his right to a fair hearing when Mr. Bugaj's witness, Mr. Windsor, failed to appear.

7.       The function of the reviewing court is to determine whether substantial evidence supports the UIAB's findings and whether those findings are free from legal error.[3]  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4]  "The appellate court does not weigh the evidence, determine questions of credibility, or make its own factual findings."[5]  If there is substantial evidence and no mistake of law, the UIAB's

---

[2] Although Mr. Windsor was not subpoenaed for the hearing before the Appeals Referee, the Appeals Referee called Mr. Windsor to see if he would give a statement.  Mr. Windsor chose not to give a statement.  The Appeals Referee explained to Mr. Bugaj that Mr. Bugaj could subpoena Mr. Windsor, which would compel him to testify.  Mr. Bugaj then had Mr. Windsor subpoenaed for the hearing before the UIAB.

[3] *Noel-Liszkiewicz v. La-Z-Boy,* 68 A.3d 188, 191 (Del. 2013) (citing *Stoltz Mgmt. Co. v. Consumer Affairs Bd.,* 616 A.2d 1205, 1208 (Del. 1992)).

[4] *Id.* (citing *Streett v. State,* 669 A.2d 9, 11 (Del. 1995)).

[5] *Id.* (citing *Johnson v. Chrysler Corp.,* 213 A.2d 64, 66 (Del. 1965)).

decision must be affirmed.[6]

8.	In the hearing before the UIAB, the employer had the burden of proving by a preponderance of the evidence that Mr. Bugaj was dismissed for "just cause." "Just cause" is defined as a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[7] Additionally, "[t]ermination for insubordination may constitute 'just cause' if 'the insubordination consists of a [willful] refusal to follow the *reasonable* directions or instructions of the employer.'"[8] A single instance of insubordination may support just cause for termination

9.	I find that the UIAB's decision that Mr. Bugaj was terminated for just cause was supported by substantial evidence and was free from legal error. The record contains evidence that Mr. Curley directed Mr. Bugaj to change the fuel pump and that Mr. Bugaj refused to do so. The testimony of Mr. Metz corroborates Mr. Curley's account of the incident. The Claims Deputy and the Appeals Referee chose to believe Mr. Bugaj's account of the incident. The UIAB chose to believe Mr. Curley. Determinations of credibility are for the UIAB, not the Court. Furthermore, I find that Mr. Curley's request to change the fuel pump was a reasonable request.

---

[6] *City of Newark v. Unemployment Ins. Appeals Bd.,* 802 A.2d 318, 323 (Del. Super. Mar. 2, 2002).

[7] *Majaya v. Sojourner's Place,* 2003 WL 21350542, at *4 (Del. Super. June 6, 2003)(quoting *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986) (per curiam)) .

[8] *Jarrell v. AmeriSpec Home Inspections, Inc.,* 2011 WL 3908162, at *4 (Del. Super. Aug. 30, 2011)(internal citations omitted).

The vehicle was brought into L & D Suzuki several times and Mr. Curley, the general manager of L & D Suzuki, was trying to fix the vehicle's problem.

10.     I also find that Mr. Bugaj was not denied his right to a fair hearing before the UIAB. The Delaware Supreme Court has held that "due process requires that [a] claimant be permitted to subpoena witnesses in order to effectively develop his or her case and to cross-examine the employer's witnesses."[9] In the case of *Turner v. Unemployment Insurance Appeals Board,* this Court held that a claimant's due process rights were not violated when the claimant subpoenaed witnesses but the the subpoenas were returned unserved.[10] This Court found that the claimant's due process rights were not violated and discussed the issue as follows: "[t]he subpoena's were sent out and returned. It was [the claimant's] responsibility to find valid addresses for her witnesses. At the Board hearing [the claimant] made no mention of the missing witnesses and she did not ask to postpone it."[11] Here, Mr. Bugaj attempted to subpoena Mr. Windsor by serving the employer. This was insufficient service. It was Mr. Bugaj's responsibility to ensure that he had a proper address for Mr. Windsor. When Mr. Windsor failed to appear at the UIAB hearing, it was also Mr. Bugaj's responsibility to request that the hearing be continued so that he could make another effort to subpoena the witness, which he did not do.

---

[9] *Adams v. Chore Disposal, Inc.,* 720 A.2d 272, 273 (Del. 1998) (citations omitted).

[10] *Turner v. Unemployment Ins. Appeals Bd.,* 2004 WL 2827963, at *5 (Del. Super. Feb. 27, 2004).

[11] *Id.*

11.     For the foregoing reasons, the decision of the UIAB is *affirmed*.

**IT IS SO ORDERED**.


                              /s/    James T. Vaughn, Jr.

oc:   Prothonotary
cc:   Order Distribution
        File