IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

BRENDA BERRY,                      )
                                   )
    Claimant Below,            )
    Appellant,                 )
                                   )
    v.                         )     C.A. No. 14A-01-008 JAP
                                   )
STATE OF DELAWARE,                 )
                                   )
    Employer Below,            )
    Appellee.                  )
                                   )

## **ORDER**

1. This is a *pro se* appeal from the Industrial Accident Board's denial of benefits to the employee-appellant. She argues that the Board incorrectly decided to accept the testimony of the employer's expert (an orthopedic surgeon) in deciding that she suffered no work-related injury.

*Facts*

2. Brenda Berry, a former Delaware employee of 16 years, claims that on December 5, 2012, while still an employee, she drove her left shoulder into an office door attempting to open it, resulting in a torn rotator

cuff in her right shoulder and aggravation of a preexisting neck condition. She claims that as a result she required four surgeries which allegedly left her disabled and unable to work.

3. In her workers compensation case the IAB found that neither Ms. Berry nor her physician-witness were credible; instead the Board chose to believe the testimony of the employer's expert, Dr. Mattern, who testified that Ms. Berry did not injure herself when she pushed the door with her shoulder nor did she aggravate any pre-existing injuries as a result of the incident with the door. The Board found that she did not suffer any compensable injuries and denied her claim for benefits.

*Contentions*

4. Ms. Berry challenges the Board's findings that her testimony and that of her expert lacked credibility. It is difficult to discern exactly why the Board erred except that she seems to challenge the credibility of the employer's expert.

*Analysis*

5. The employee does not allege on this appeal that the Board committed legal error. Rather, as mentioned earlier, she challenges the Board's factual findings. This court does not sit as a trier of fact in workers

compensation cases. Rather it is bound to accept the factual findings of the Board if those findings are supported by substantial evidence. According to the Delaware Supreme Court:

> The standard of review for decisions of the Industrial Accident Board is limited to whether there is substantial evidence in the record to support the Board's factual findings. Decisions supported by substantial evidence will not be disturbed if they are free from legal error. Substantial evidence is relevant evidence that a reasonable person might accept as being adequate to support a decision.[1]

6. There is substantial evidence in the record supporting the Board's decision. As the Supreme Court recently put it, "[w]here there is conflicting medical testimony, it is well established under Delaware law that the Board may rely on the opinion of either expert and such evidence constitutes substantial evidence for the purpose of the Board's decision."[2] The employee's argument is nothing more than the Board chose to believe the wrong expert testimony. But the Board "may accept or reject an expert's testimony in whole or in part."[3] Here the Board was entitled to find the

---

[1] *Stewart v. State,* 2004 WL 1058560 (Del. Supr.) (footnotes omitted). The standard of review is sometimes couched in terms of abuse of discretion. The Supreme Court has stated "[a]bsent an error of law, we review [worker's compensation cases] for abuse of discretion." *Estate of Jackson v. Genesis Health Ventures*, 23 A.3d 1287, 1290 (Del. 2011). The only abuse of discretion suggested by the employee in this appeal is the Board's decision to credit the employer's expert's testimony and reject the testimony of her expert.

[2] *Arrants v. Home Depot*, 65 A.3d 601, 606 (Del. 2013) (footnote omitted).

[3] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1160 (Del. 2009)

3

employer's expert's testimony more credible.  It is therefore unnecessary to recite the reasons why the Board made this finding.  The court cannot resist noting, however, that it is difficult to believe, as the employee claims, that she torn her right rotator cuff by leaning her left shoulder into a door.

For the foregoing reasons, the decision of the Industrial Accident Board is **AFFIRMED.**

John A. Parkins, Jr.
Superior Court Judge

oc:   Prothonotary
cc:   Brenda Berry, Dover, Delaware – *pro se* Claimant, Appellant
      Jessica L. Julian, Esquire, Marshall Dennehey Warner Coleman
      & Coggin, Wilmington, Delaware – counsel for the Appellee

4