IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUAN TORRES, | § | |
| | § | No. 248, 2014 |
| Appellant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| REYBOLD HOMES, INC., | § | C.A. No. N13A-07-011 |
| | § | |
| Appellee Below- | § | |
| Appellee. | § | |

Submitted: September 12, 2014
Decided: November 6, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

# **O R D E R**

This 6th day of November 2014, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The appellant, Juan Torres, filed this appeal from a Superior Court decision, dated April 24, 2014, which affirmed a decision of the Industrial Accident Board ("the Board") terminating Torres' total disability benefits.[1]   After careful consideration, we find no merit to the appeal.   Accordingly, we affirm the Superior Court's judgment.

(2)     The record reflects that Torres worked for Reybold Homes ("the Employer") as a construction worker. On March 27, 2006, he injured his right knee

---

[1] The Superior Court also affirmed the Board's determination that Torres' medical treatment, beginning in June 2012, was reasonable and necessary.  That ruling is not challenged on appeal.

while on a job site. As a result of his injury, Torres was placed on total disability and underwent significant medical treatment, including three arthroscopic surgeries, between 2006 and 2009. Despite these surgeries, his knee pain persisted. Between 2010 and 2012, Torres continued to see various doctors for pain management. He also continued physical therapy.

(3) In March 2012, Torres first saw Dr. Patrick Swier who diagnosed Torres with an injury to part of the saphenous nerve. In June 2012, Dr. Swier performed denervation surgery. Torres experienced complications following the surgery, which persisted. Torres walks with a cane and complains of constant shooting pain and numbness. With pain medication, Torres is able to walk, drive for short periods, and accomplish minor daily activities independently.

(4) In October 2012, the Employer filed a petition to terminate Torres' total disability benefits. In December 2012, the Employer filed an appeal of a Utilization Review Decision to dispute the reasonableness and necessity of Torres' ongoing medical treatment that began in 2012. The Board held a consolidated hearing on both petitions on April 29, 2013.

(5) At the hearing, the Board heard live testimony from Torres, from Torres' former supervisor, Paul Zachery, Jr., and from a vocational expert, Mary Ann Shelli-Palmer. The Board also considered deposition testimony from Dr. Swier, Dr. Damon Cary, and Dr. Elliot Leitman. Dr. Cary testified that Torres remains totally disabled because of his constant pain, which requires pain

2

medication. Dr. Leitman testified that Torres could return to work in a sedentary or light-duty capacity. The Board also watched a videotape, which showed Torres walking without a cane, getting in and out of a car, walking up hills and bending his knee at a ninety degree angle.

(6) Ultimately, the Board found the Employer's evidence more credible. The Board concluded that Torres was no longer completely disabled and thus terminated his total disability benefits. The Board also found that Torres was not a displaced worker. Nonetheless, the Board awarded Torres partial disability benefits and also found that Torres' ongoing medical treatment was necessary and reasonable. The parties filed cross-appeals in the Superior Court. On April 24, 2014, the Superior Court upheld both of the Board's rulings. Torres then filed the present appeal.

(7) In reviewing an appeal from a decision of the Board, this Court must determine whether the Board's decision is supported by substantial evidence and is free from legal error.[2] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[3] It means more than a scintilla and less than a preponderance of the evidence.[4] Weighing the

---

[2] *Stoltz Mgmt. Co. v. Consumer Affairs Bd.*, 616 A.2d 1205, 1208 (Del. 1992).

[3] *Streett v. State*, 669 A.2d 9, 11 (Del. 1995).

[4] *Breeding v. Contractor-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).

3

evidence, determining the credibility of witnesses, and resolving any conflicts in the testimony are functions reserved exclusively to the Board.[5]

(8)    Torres' sole contention on appeal is that the Board erred in failing to find that he is totally disabled.  Torres contends that he is still in pain and remains unable to work.  To the extent Torres is arguing that the Board's decision is not supported by substantial evidence, we disagree.[6]  The Board carefully considered all of the evidence presented, including the conflicting medical opinions, and found the Employer's witnesses were more credible.   We conclude that the Board's decision to terminate Torres' total disability benefits is supported by substantial evidence and is free from legal error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[5] *Id.* at 1106.

[6] Torres includes several documents in his appendix that were not presented to or considered by the Board in reaching its decision below.  This new evidence is not part of the record that may be considered by this Court on appeal.  *See Delaware Elec. Co-op., Inc. v. Duphily*, 703 A.2d 1202, 1207 (Del. 1997).