IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARY LOU FIENI, | § | |
| | § | No. 337, 2014 |
| Appellant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| CATHOLIC HEALTH EAST, | § | C.A. No. N13A-07-005 |
| | § | |
| Appellee Below- | § | |
| Appellee. | § | |

Submitted:  October 10, 2014
Decided:  December 11, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

**O R D E R**

This 11th day of December 2014, upon consideration of the parties'
briefs and the record below, it appears to the Court that:

(1)  The appellant, Mary Lou Fieni, filed this appeal from a
Superior Court Order, dated April 29, 2014, which affirmed a decision of the
Industrial Accident Board ("the Board") denying Fieni's petition for
additional compensation due.[1]  After careful consideration, we find no merit
to the appeal.  Accordingly, we affirm the Superior Court's judgment.

---

[1]*Fieni v. Catholic Health East*, 2014 WL 2444795 (Del. Super. Apr. 29, 2014).  Fieni
also appeals the Superior Court's denial of her motion for reargument. *See Fieni v.
Catholic Health East*, 2014 WL 3050618 (Del. Super. May 27, 2014).

(2) The record reflects that Fieni was injured in a work-related slip-and-fall accident on April 10, 2007 while she was employed by Catholic Health East ("the Employer"). Although Fieni had pre-existing injuries from prior work accidents, the Employer did not contest Fieni's eligibility for benefits and medical treatment of a right knee injury, including surgery, as a result of her April 2007 accident. In March 2011, Fieni was seen by Dr. Steven Grossinger, D.O. for complaints of pain in her legs, back, and hand. Dr. Grossinger diagnosed her with complex regional pain syndrome (CRPS) attributable to her April 2007 work accident and began treating Fieni with a series of nerve blocks. In October 2012, Fieni filed a petition to determine additional compensation due based on this new diagnosis and treatment.

(3) The Board held a hearing on Fieni's petition on April 5, 2013 at which Fieni testified. The Board also considered the deposition testimony of Dr. Grossinger and Dr. John Townsend. Dr. Townsend testified that Fieni had swelling and chronic pain in her right leg but that she did not have CRPS. On June 14, 2013, the Board issued its decision, concluding that it found Dr. Townsend's expert opinion more persuasive than Dr. Grossinger's. Ultimately, the Board denied Fieni's petition for additional compensation due because it found her treatment for CRPS was

2

not reasonable or necessary. Fieni appealed to the Superior Court. On April 29, 2014, the Superior Court affirmed the Board's decision. Fieni then filed the present appeal.

(4) In reviewing an appeal from a decision of the Board, this Court must determine whether the Board's decision is supported by substantial evidence and is free from legal error.[2] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[3] It means more than a scintilla and less than a preponderance of the evidence.[4] Weighing the evidence, determining the credibility of witnesses, and resolving any conflicts in the testimony are functions reserved exclusively to the Board.[5]

(5) In her opening brief on appeal, Fieni asserts that both Dr. Townsend and the Employer's attorney were not credible and misled the Board. She further contends that the Board erred in concluding that she had not met her burden of proving by a preponderance of evidence that her CRPS diagnosis was causally related to her April 2007 work accident.

---

[2] *Stoltz Mgmt. Co. v. Consumer Affairs Bd.*, 616 A.2d 1205, 1208 (Del. 1992).

[3] *Streett v. State*, 669 A.2d 9, 11 (Del. 1995).

[4] *Breeding v. Contractor-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).

[5] *Id.* at 1106.

(6) After careful consideration of the parties' briefs on appeal, we conclude that the Superior Court's decision affirming the Board's denial of Fieni's petition should be affirmed. The Board carefully considered all of the evidence presented in this case, including the conflicting medical opinions, and found the Employer's medical expert to be more credible. It was entirely within the Board's discretion to determine the credibility of the witnesses and to resolve the conflicts in the testimony.[6] We conclude that the Board's decision denying Fieni's petition to determine additional compensation due is supported by substantial evidence and is free from legal error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[6] *Clements v. Diamond State Port Corp.*, 831 A.2d 870, 878 (Del. 2003).