# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Employer-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. N16A-06-007 ALR |
| | ) | |
| VERONICA ALLEN-ANDERSON, | ) | |
| | ) | |
| Claimant-Appellee. | ) | |

Submitted: February 10, 2016
Decided: May 2, 2017

## MEMORANDUM OPINION

*On Appeal from the Industrial Accident Board*
**AFFIRMED**

John J. Ellis, Esq., Heckler & Frabizzio, Wilmington, Delaware, Attorney for Employer-Appellant.

Gary S. Nitsche, Esq. and William R. Stewart, III, Esq., Weik, Nitsche & Dougherty, Wilmington, Delaware, Attorneys for Claimant-Appellee.

**ROCANELLI, J.**

This is an appeal from the Industrial Accident Board ("Board"). Employer-Appellant the State of Delaware ("Employer") appeals from the May 31, 2016 Board Decision denying Employer's Petition to Terminate Claimant-Appellee Veronica Allen-Anderson's partial disability benefits.

## I.     PROCEDURAL BACKGROUND

On July 18, 2012, Veronica Allen-Anderson ("Claimant") injured her left ankle and both shoulders while working as a police dispatcher for Employer. Employer acknowledged Claimant's injuries as work-related and compensable. On December 2, 2012, Claimant was placed on total disability and began receiving workers' compensation benefits.

On July 24, 2014, Employer filed a petition to terminate Claimant's disability benefits. By Decision dated January 29, 2015, the Board granted Employer's petition to terminate in part following a hearing on the merits ("2015 Board Decision").[1] The Board concluded that Claimant was capable of returning to work with sedentary duty restrictions on a part-time basis,[2] but that Claimant's work-related disability continued to impact her earning capacity.[3] Accordingly, the

---

[1] *Allen-Anderson v. State*, No. 1387544, at 21 (Del. I.A.B. Jan. 29, 2015).
[2] *Id.* at 14.
[3] *Id.* at 19.

Board terminated Claimant's total disability benefits and awarded partial disability instead.[4]

On January 15, 2015, Employer filed a second Petition to Terminate Claimant's disability benefits ("Petition to Terminate"), and a hearing on the merits took place on March 8, 2016. Employer asserted that Claimant was not entitled to partial disability because (1) Claimant was capable of returning to sedentary work on a full-time basis; and (2) Claimant voluntarily removed herself from the workforce by failing to search for and secure part-time employment following the 2015 Board Decision. During the hearing on Employer's Petition to Terminate, the Board considered the testimony of (1) Claimant; (2) Employer's expert Dr. John Townsend, a certified neurologist who examined Claimant multiple times on Employer's behalf; (3) Truman Perry, a vocational case manager who prepared a labor market survey on Employer's behalf; and (4) Claimant's expert Dr. Nancy Kim, a physical medicine and rehabilitation specialist who began treating Claimant in December 2013.

By Decision dated May 31, 2016, the Board denied Employer's Petition to Terminate ("2016 Board Decision").[5] The Board concluded that Employer failed to present sufficient evidence to establish a change in Claimant's condition that

---

[4] *Id.* at 19–21.
[5] *Allen-Anderson v. State*, No. 1387544 (Del. I.A.B. May 31, 2016).

rendered Claimant able to return to work in a full-time capacity.[6] Additionally, the Board rejected Employer's argument that Claimant's failure to search for or secure employment constituted a voluntary withdraw from the labor market that rendered Claimant ineligible for partial disability benefits.[7] In rejecting Employer's theory, the Board found that Claimant was still entitled to partial disability because Claimant withdrew from the labor market pursuant to medical restrictions arising from Claimant's compensable work-related injury.[8]

On June 13, 2016, Employer filed an appeal from the Board Decision to the Superior Court. On February 9, 2017, the Prothonotary assigned the appeal to this judicial officer for decision.

## II.   DISCUSSION

On appeal from the 2016 Board Decision, Employer contends that (1) the Board erred in finding that Claimant could not return to sedentary work in a full-time capacity; and (2) the Board erred in rejecting Employer's theory that Claimant voluntarily withdrew from the labor market.

---

[6] *Id.* at 17–18.
[7] *Id.* at 16–17.
[8] *Id.*

3

## A. Standard of Review

The Court has jurisdiction conferred by statute over appeals from administrative agencies, including appeals from the Board.[9] On appeal from a Board decision, the Court's role is limited to determining whether the Board's conclusions are supported by substantial evidence and free from legal error.[10] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] The Court reviews the Board's legal determinations *de novo*.[12] "Absent errors of law, however, the standard of appellate review of the IAB's decision is abuse of discretion."[13]

## B. The Board's conclusion that Employer failed to establish a sufficient change in Claimant's condition is supported by substantial evidence and free from legal error.

The statutory provision governing the termination of disability benefits provides, in pertinent part:

> On the application of any party in interest on the ground that the incapacity of the injured employee has subsequently terminated, increased, diminished or recurred or that the status of the dependent

---

[9] 29 *Del. C.* § 10142(a).

[10] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[11] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).

[12] *Guardado*, 2016 WL 6958703, at *3; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).

[13] *Glanden*, 918 A.2d at 1101 (citing *Digiacomo v. Bd. of Pub. Educ.*, 507 A.2d 542, 546 (Del. 1986)).

4

has changed, the Board may at any time, but not oftener than once in 6 months, review any agreement or award.[14]

"The Workers' Compensation Act provides that employees who have suffered a loss in earning power following a workplace injury are entitled to benefits, and this inquiry requires consideration of the employee's individual circumstances."[15] Delaware's workers' compensation statute is designed "to give an injured employee . . . a prompt and sure means of receiving compensation and medical care without subjecting [] him to the hazards and delays of a law suit."[16] This Court is to construe the statute liberally and resolve reasonable doubts in favor of the injured worker.[17]

This Court agrees with Employer that "the proper standard for reviewing work capability in a Petition for Review [pursuant to 19 *Del. C.* § 2347] is whether there is a 'change in condition or circumstances.'"[18] The Delaware Supreme Court has explained that this standard requires the employer to demonstrate that an employee is "medically able to return to work and that employment is available

---

[14] 19 *Del. C.* § 2347.

[15] *Campos v. Daisy Constr. Co.*, 107 A.3d 570, 577–78 (Del. 2014).

[16] *Id.* at 580 (alteration and omission in original) (quoting *Frank C. Sparks Co. v. Huber Baking Co.*, 96 A.2d 456, 461 (Del. 1953)).

[17] *Campos*, 107 A.3d at 584; *Estate of Watts v. Blue Hen Insulation*, 902 A.2d 1079, 1081 (Del. 2006); *Johnson Controls, Inc. v. Fields*, 758 A.2d 506, 509 (Del. 2000); *State v. Cephas*, 637 A.2d 20, 25 (Del. 1994); *Poole v. State*, 77 A.3d 310, 317 (Del. Super. 2012); *Del. Valley Field Servs. v. Ramirez*, 105 A.3d 396, 402 (Del. Super. 2012).

[18] Employer's Opening Br. at 21 (quoting *Arrants v. Home Depot*, 65 A.3d 601, 605 (Del. 2013)).

within the claimant's restrictions."[19]  It is the employer's burden to establish that "the employee is actually able to obtain a job given his particular circumstances."[20] In certain cases, "[a] showing of physical ability to perform certain appropriate jobs and general availability of such jobs is . . . an insufficient showing of the availability of said jobs to a particular claimant." [21]

This Court finds that the Board applied the correct legal standard in determining that Employer failed to set forth "sufficient evidence that there has been a change to support that Claimant can return directly to full-time sedentary work."[22]  This finding is consistent with Claimant's testimony regarding her own physical condition and lack of improvement,[23] as well as the testimony of Claimant's medical expert Dr. Kim, who testified that Claimant's extreme levels of pain necessitate highly specific medical restrictions in the work environment, rendering Claimant incapable of returning to full-time sedentary employment.[24] Dr. Kim also opined that there was no notable change or improvement in Claimant's condition following the 2015 Board Decision terminating Claimant's

---

[19] *Arrants*, 65 A.3d at 605; *Puckett v. Matrix Servs.*, 2013 WL 69234, at *3 (Del. Jan. 7, 2013).

[20] *Campos*, 107 A.2d at 576–77.

[21] *Id.* at 576 (emphasis omitted) (omission in original) (quoting *Abex Corp. v. Brinkley*, 252 A.2d 552, 553 (Del. Super. 1969)).

[22] *Allen-Anderson v. State*, No. 1387544, at 18 (Del. I.A.B. May 31, 2016).

[23] *See* Allen-Anderson Dep. at 30:33–34:21.

[24] Kim Dep. at 19:8–20:24.

total disability benefits.[25]   In addition, Dr. Kim testified that Claimant was physically unable to perform the jobs listed in Mr. Perry's labor market survey due to the significant likelihood that Claimant's pain would prevent Claimant from concentrating, as well as the high probability that Claimant would fall and reinjure herself.[26]

By finding that Claimant's "condition has remained essentially unchanged since the prior Board decision,"[27] the Board accepted the opinion of Claimant's medical expert Dr. Kim over the opinion of Employer's medical expert Dr. Townsend.[28]   It is well-established that the Board may reconcile competing medical testimony by crediting the opinion of one expert over another.[29]   Where the Board elects to adopt one expert opinion over another, the adopted opinion constitutes substantial evidence for the purpose of appellate review.[30] The Delaware Supreme Court has made it abundantly clear that "[t]he function of reconciling inconsistent testimony or determining credibility is exclusively

---

[25] *Id.* at 20:16–24.

[26] *Id.* at 26:8–27:18.

[27] *Allen-Anderson v. State*, No. 1387544, at 18 (Del. I.A.B. May 31, 2016).

[28] Dr. Townsend testified that Claimant was capable of returning to work on a full-time basis within certain medical restrictions. *See* Townsend Dep. at 14:5–16; 26:18–23; 35:6–11. This conclusion contradicts Dr. Kim's opinion that Claimant is unable to return to full-time employment because of Claimant's pain levels and physical limitations.

[29] *Whitney v. Bearing Const., Inc.*, 2014 WL 2526484, at *2 (Del. May 30, 2014); *Steppi v. Conti Elec., Inc.*, 2010 WL 718012, at *3 (Del. Mar. 2, 2010).

[30] *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 113, 136 (Del. 2006); *Bacon v. City of Wilmington*, 2014 WL 1268649, at *2 (Del. Super. Jan. 31, 2014).

reserved for the Board."[31] "Only where there is no satisfactory proof in support of a factual finding of the Board may the Superior Court, or [the Delaware Supreme Court] for that matter, overturn it."[32]

This Court finds that the Board applied the correct legal standard in determining that Claimant did not experience a sufficient change in condition to warrant termination of partial disability benefits.[33] The record contains satisfactory proof that a reasonable mind might accept as adequate to support the Board's conclusion that Employer failed to meet its burden by showing that Claimant was physically able to return to work on a full-time basis.[34] The Board's conclusion is supported by substantial evidence, free from legal error, and must be affirmed.[35]

## C. Claimant continues to suffer from diminished earning capacity pursuant to her work-related injury and has not voluntarily removed herself from the workforce.

"Under Delaware law, an employee who is partially disabled due to a work-related accident is entitled to compensation."[36] The statutory provision authorizing partial disability benefits provides, in pertinent part:

---

[31] *Simmons v. Del. State Hosp.*, 660 A.2d 384, 388 (Del. 1995) (citing *Breeding v. Contractors–One–Inc.*, 549 A.2d 1102, 1106 (Del. 1988)); *Martin v. State*, 2015 WL 1548877, at *3 (Del. Super. Mar. 27, 2015).
[32] *Streett v. State*, 669 A.2d 9, 11 (Del. 1995) (quoting *Johnson*, 213 A.2d at 67).
[33] *Allen-Anderson v. State*, No. 1387544, at 18 (Del. I.A.B. May 31, 2016).
[34] *Id.*
[35] *See Glanden*, 918 A.2d at 1100.
[36] *Campos*, 107 A.3d at 575 (citing 19 *Del. C.* § 2325).

8

> For injuries resulting in partial disability for work . . . the compensation to be paid shall be 66 2/3 percent of the difference between the wages received by the injured employee before the injury and the earning power of the employee thereafter . . . This compensation shall be paid during the period of such partial disability for work, not, however, beyond 300 weeks.[37]

Although the term "partial disability" is not defined by statute, the Court has held that "[p]artial disability refers to the period of time during which an injured employee suffers a partial loss of wages as a result of a compensable injury."[38] Partial disability benefits are intended to reimburse an employee for lost earning power arising from a work-related injury.[39] Accordingly, upon a petition to terminate a previous award of partial disability benefits, the petitioning employer must establish that the employee no longer suffers from decreased earning capacity due to a workplace injury and "that the employee is actually able to obtain a job given his particular circumstances."[40] In making this determination, the Delaware Supreme Court has authorized this Court "to consider other relevant factors in addition to those that are related to the claimant's injury, including the claimant's age, education, general background, occupational and general experience, the

---

[37] 11 *Del. C.* § 2325.

[38] *Gen. Motors Corp. v. Stewart*, 2011 WL 4638775, at *6 (Del. Super. Sept. 29, 2011) (quoting *NVF v. Wilkerson*, 2006 WL 2382799, at *1 (Del. Super. July 27, 2006)).

[39] *Fransico v. Natural House, Inc.*, 2014 WL 1757257, at *3 (Del. Super. Apr. 16, 2014); *Mladenovich v. Chrysler Grp., LLC*, 2011 WL 379196, at *4 (Del. Super. Jan. 31, 2011).

[40] *Campos*, 107 A.3d at 575–76 (internal citations omitted).

nature of the work that can be performed by a worker with the physical impairment, and the availability of that work."[41]

In addition, Delaware courts have held that "traditional retirement" may render an employee ineligible for disability benefits, especially in circumstances where the employee is "content with [the] retirement lifestyle."[42] In other words, an employee may be ineligible for disability benefits if the employee voluntarily removes himself from the workforce without intending to return.[43] However, if the employee's decision is involuntary and pursuant to physical limitations arising from the work injury, the employee is still entitled to workers' compensation.[44] Whether an employee has voluntarily removed himself from the workforce voluntarily is a factual determination[45] that depends upon "whether the employee was physically capable of working at the previous job, whether the employee

---

[41] *Id.* at 575 (internal citations omitted).

[42] *Estate of Jackson v. Genesis Health Ventures*, 23 A.3d 1287, 1291 (Del. 2011); *State v. Ewing*, 2016 WL 6805351, at *2 (Del. Super. Nov. 7, 2016); *Stewart*, 2011 4638775, at *5; *Bruce v. Chrysler Grp., LLC*, 2011 WL 2163594, at *3 (Del. Super. Apr. 27, 2011).

[43] *See State v. Disharoon*, 2013 WL 3339395, at *2 (Del. Super. June 17, 2013); *Hanover Foods v. Webster*, 2006 WL 2338046, at *2 (Del. Super. July 21, 2006); *Stewart*, 2011 WL 4638775, at *5; *Gen. Motors Corp. v. Willis*, 2000 WL 1611067, at *3 (Del. Super. Sept. 5, 2000).

[44] *Genesis Health Ventures*, 23 A.3d at 1290; *Mladenovich*, 2011 WL 379196, at *4 (citing *Gen. Motors Corp. v. Willis*, 2000 WL 1611067, at *2–3 (Del. Super. Sept. 5, 2000)); *Sharpe v. W.L. Gore & Assocs.*, 1998 WL 438796, at *5 (Del. Super. May 29, 1998).

[45] *See Genesis Health Ventures*, 23 A.3d at 1291; *Redman v. State*, C.A. No. 14A-05-006, at 4–5 (Del. Super. Feb. 4, 2015); *Webster*, 2006 WL 2338046, at *2.

10

sought another job, whether the employee lost earning power due to the injury, []

whether the employee was below the usual age for retirement and whether the

decision to retire was motivated by the work-related injury."[46]

In this case, there is substantial evidence that Claimant continues to suffer

from diminished earning capacity as a result of her work injury. The record

reflects that Claimant has undergone several surgeries on her foot and shoulder

since the initial work accident. These surgeries stem from Claimant's

compensable injury, have caused Claimant constant pain, and necessitate the use of

serious prescription medication.[47] The Board accepted Claimant's testimony that

Claimant's severe pain and physical limitations render her incapable of holding a

position that is similar to her pre-injury employment,[48] and Claimant's opinion is

shared by Claimant's medical expert Dr. Kim.[49] The Board noted that "Claimant is

not of retirement age,"[50] and found that Claimant offered credible testimony that

"Claimant has at least temporarily removed herself from the workforce for reasons

directly connected to her work injury."[51] Finally, this Court is persuaded by prior

decisional precedent holding that an employee is not required to search for or

---

[46] *Bruce*, 2011 WL 2163594, at *3 (alteration in original) (internal quotation marks omitted) (quoting *Mladenovich*, 2011 WL 379196, at *5–6).
[47] Allen-Anderson Dep. at 27:15–29:2.
[48] *See Allen-Anderson v. State*, No. 1387544, at 4, 17 (Del. I.A.B. May 31, 2016).
[49] Kim Dep. at 19:8–20:24, 24:16–27:18.
[50] *Allen-Anderson v. State*, No. 1387544, at 17 (Del. I.A.B. May 31, 2016).
[51] *Id.*

obtain employment as a prerequisite for partial disability, especially in circumstances where it appears to the Court that the employee's physical restrictions obstruct her ability to find comparable work.[52] The job search is not dispositive, but one factor to be considered under the totality of the circumstances.[53]

Upon examination of the record in this case in light of the relevant considerations set forth by decisional law, this Court finds that there is substantial evidence that Claimant continues to suffer from a diminished earning capacity and has removed herself from the workforce pursuant to physical limitations arising from her work-related injury. The Board conclusion that "Claimant is entitled to partial disability benefits"[54] is supported by substantial evidence and free from legal error.

**NOW, THEREFORE, this 2nd day of May, 2017, the May 31, 2016 Decision of the Industrial Accident Board is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[52] *Mladenovich*, 2011 WL 379196, at *4–6; *Rozek v. Chrysler, LLC*, 2010 WL 5313229, at *2 (Del. Super. Dec. 7, 2010).

[53] *See Redman*, C.A. No. 14A-05-006, at 5; *Bruce*, 2011 WL 2163594, at *3.

[54] *Allen-Anderson v. State*, No. 1387544, at 17 (Del. I.A.B. May 31, 2016).